1    DAVID R. ONGARO, State Bar No. 154698
       dongaro@perkinscoie.com
2    DAVID R. BURTT, State Bar No. 201220
       dburtt@perkinscoie.com
3    JONMI N. KOO, State Bar No. 233136
       jkoo@perkinscoie.com
4    PERKINS COIE LLP
     Four Embarcadero Center, Suite 2400
5    San Francisco, CA  94111-4131
     Telephone:  (415) 344-7000
6    Facsimile:  (415) 344-7050

7    Attorneys for Defendant
     STARBUCKS CORPORATION

8

ORIGINAL FILED

JUN 12 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9              UNITED STATES DISTRICT COURT                MEJ

10             NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12         CV  08        2930

13   WHITNEY BECK,                        Case No.

14                Plaintiff,              **NOTICE OF REMOVAL OF ACTION**
                                          **UNDER 28 U.S.C. § 1441(b)**
15          v.

16

17   STARBUCKS CORPORATION, a Washington
     corporation; CHRISTINA CARROLL, an
18   individual; and DOES 1 through 20, inclusive,

19                Defendants.

20

21   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22          PLEASE TAKE NOTICE that Defendant Starbucks Corporation (hereafter "Starbucks"),

23   by and through its undersigned counsel, hereby removes this action to the United States District

24   Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting

25   original federal jurisdiction under 28 U.S.C. § 1332(a).  Removal is proper for the following

26   reasons.

27

28

NOTICE OF REMOVAL
Case No.

## BACKGROUND

1.    On or about December 13, 2007, plaintiff Whitney Beck ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Sonoma, entitled *Whitney Beck v. Starbucks Corporation, Starbucks Corporation dba Starbucks Coffee Company, Starbucks Coffee Company, Christina Carroll, and Does 1 through 20, inclusive*, Case No. SCV 242005 ("Complaint"). A copy of the Summons and Complaint are attached as Exhibit A.

## TIMELINESS OF REMOVAL

2.    Plaintiff served Starbucks with the Summons and Complaint on May 13, 2008.

3.    On June 11, 2008, Starbucks filed its Answer in state court. The Answer is attached as Exhibit B.

4.    Removal is timely because Starbucks filed it within thirty (30) days of its first receipt of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

5.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332 (diversity jurisdiction). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as (1) Plaintiff is a citizen of a State different from that of Starbucks, the only proper defendant in this action, and (2) it is more likely than not that the matter in controversy for the individual claims exceeds the sum or value of $75,000.

### Diverse Citizenship of the Parties

6.    *Plaintiff's Citizenship.* Starbucks is informed and believes and on that basis alleges that Plaintiff, at the time she commenced her action, was and still is a citizen of the State of California.

7.    *Defendant's Citizenship.* Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Starbucks, at the time Plaintiff commenced this action, was, and still is, a corporation incorporated under the laws of Washington, with its principal place of business located in Seattle, Washington, and thus was and is a citizen of Washington.

- 2 -

NOTICE OF REMOVAL
Case No.

8.    *Citizenship of Erroneously Sued Entities.*  In addition to naming Starbucks Corporation as a defendant, Plaintiff has also named as defendants Starbucks Corporation dba Starbucks Coffee Company and Starbucks Coffee Company.  These entities do not exist.

9.    *Christina Carroll is a Sham Defendant.*  Plaintiff has also named Christina Carroll as an individual defendant in this action, and Ms. Carroll, on information and belief, is a citizen of the State of California.  However, the Court should disregard Ms. Carroll's citizenship for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that she is a "sham" defendant.  The only cause of action pled against Ms. Carroll is retaliation under the Fair Employment and Housing Act.  Cal. Gov't Code § 12940(h) ("FEHA").  However, in March of 2008 – after Plaintiff filed her Complaint – the California Supreme Court held that individual managers cannot be held liable for retaliation under FEHA.  *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008).  Plaintiff has already agreed to dismiss Ms. Carroll as a defendant in this action, as evidenced by her counsel's e-mail attached hereto as Exhibit C.

10.    *Doe Defendants.*  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through twenty, inclusive, does not deprive this Court of jurisdiction.

**Amount in Controversy**

11.    This Court has original jurisdiction over this action because, as set forth below, the alleged amount in controversy for the individual named plaintiff more likely than not exceeds $75,000.  28 U.S.C. § 1332.

12.    Plaintiff requests a panopoly of relief in her Complaint, including back pay, front pay, general and special damages according to proof, punitive damages, interest, reasonable attorneys' fees (including expert witness fees), and costs of suit.  *See* Complaint, at pp. 11-12. Along with the Complaint, Plaintiff served an Itemized Statement of Damages wherein she valued her general damages for pain, suffering, and inconvenience at $500,000.  *See* Exhibit D. Plaintiff also valued her punitive damages at $500,000.  *See id.*  While Plaintiff has not yet

- 3 -

1 placed a value on her claimed damages for emotional distress, lost past and future earnings,

2 interest, or penalties, the amount in controversy in this action necessarily exceeds $1,000,000.

3 These extensive damages sought by Plaintiff exceed the minimum jurisdictional amount of

4 $75,000.

5       13.     Because diversity of citizenship exists, Plaintiff being a citizen of the State of

6 California and Starbucks being a citizen of the State of Washington, and because the amount in

7 controversy for Plaintiff more likely than not exceeds seventy-five thousand dollars ($75,000),

8 pursuant to 28 U.S.C. §§ 1332(a), this Court has original jurisdiction of the action.  This action is

9 therefore a proper one for removal to this Court.

10 **INTRADISTRICT ASSIGNMENT**

11       14.     Pursuant to 28 U.S.C. §§ 1441 and 1446(a), assignment to the United States

12 District Court for the Northern District of California (San Francisco Division) is proper because

13 Plaintiff filed the action being removed in the Superior Court of California, County of Sonoma.

14 **NOTICE OF REMOVAL**

15       15.     Pursuant to 28 U.S.C. § 1446(d), Starbucks will promptly serve on Plaintiff and

16 file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant

17 to Federal Rule of Civil Procedure 5(d), Starbucks will also file with this Court a "Certificate of

18 Service of Notice to Adverse Party of Removal to Federal Court."

19

20

21

22

23

24

25

26

27

28

- 4 -

1    WHEREFORE, Starbucks requests that this Court consider this Notice of Removal as

2   provided by law governing the removal of cases to this Court, that this Court take such steps as

3   are necessary to achieve the removal of this matter to this Court from the Sonoma County

4   Superior Court, and that this Court will make such other orders as may be appropriate to effect

5   the preparation and filing of a true record in this cause of all proceedings that may have been had

6   in the state court action.

7

8   DATED:  June 12, 2008              **PERKINS COIE LLP**

9
                                       By: _Joanni Koo_____
10                                         Jonni N. Koo

11                                     Attorneys for Defendant
                                       STARBUCKS CORPORATION
12
    18177-0198/LEGAL14372770.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

# SUMMONS
## *(CITACION JUDICIAL)*

**ENDORSED**

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

DEC 13 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE
COMPANY, CHRISTINA CARROLL, DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WHITNEY BECK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Sonoma County Superior Court <br> 600 Administration Drive, Room 107-J <br> Santa Rosa, CA 95403 | CASE NUMBER: <br> *(Número del Caso):* <br> SCV 242005 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
E. Denise Schissler, Esq. (SBN 193757) KNEISLER, SCHONDEL & HUBBS 538 Mendocino Avenue,
P.O. Box 5767, Santa Rosa, CA 95402-5767 Tel: (707) 542-5132 Fax: (707) 547-2212

| DATE: <br> *(Fecha)* DEC 13 2007 | DENISE, by GORDON  HAZEL EINARSSON <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starbucks corporation, DBA Starbucks coffee company

    under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

**EXHIBIT A**

1 │ Robert C. Hubbs, Esq. (SBN 145641)
│ E. Denise Schissler, Esq. (SBN 193757)
2 │ KNEISLER, SCHONDEL & HUBBS
│ 538 Mendocino Avenue
3 │ P.O. Box 5767
│ Santa Rosa, CA 95402-5767
4 │ Telephone: (707) 542-5132
│ Facsimile: (707) 547-2212
5 │
6 │ Attorneys for Plaintiff
│ WHITNEY BECK
7 │

ENDORSED
FILED

DEC 13 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

8                    SUPERIOR COURT OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SONOMA

10 │ WHITNEY BECK,                    Case No. SCV 242005

11 │         Plaintiff,              **COMPLAINT FOR DAMAGES**
                                    **(Statutory Violations-Discrimination,**
12 │ v.                             **Sexual Harassment, Retaliation, Failure**
                                    **to Prevent Sexual Harassment, and**
13 │ STARBUCKS CORPORATION,          **Tortious Termination in Violation of**
│ STARBUCKS CORPORATION, dba       **Public Policy)**
14 │ STARBUCKS COFFEE COMPANY,
│ STARBUCKS COFFEE COMPANY,         UNLIMITED CIVIL
15 │ CHRISTINA CARROLL, DOES 1 through
│ 20, inclusive,
16 │
17 │         Defendants.                              /

18 │ Plaintiff WHITNEY BECK alleges:

19 │          **FACTS COMMON TO ALL CAUSES OF ACTION**

20 │     1. At all times material to this complaint plaintiff WHITNEY BECK was an adult

21 │ resident of Santa Rosa, Sonoma County, California.

22 │     2. At all times material to this complaint, defendant STARBUCKS CORPORATION

23 │ was a corporation doing business in the City of Santa Rosa, Sonoma County, California.

24 │     3. At all times material to this complaint, defendant STARBUCKS CORPORATION,

25 │ dba STARBUCKS COFFEE COMPANY, was a business entity, form unknown, doing business

26 │ in the City of Santa Rosa, Sonoma County, California.

27 │     4. At all times material to this complaint, defendant STARBUCKS COFFEE

28 │ COMPANY was a business entity, form unknown doing business in the City of Santa Rosa,

**COMPLAINT FOR DAMAGES**                                              1

1  Sonoma County, California.

2      5. At all material times, defendant CHRISTINA CARROLL was a store manager in the

3  employ of defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

4  STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY, and DOES 1

5  through 20 who plaintiff is informed and believes and thereon alleges is a resident of Sonoma

6  County, California.

7      6. Defendants DOES 1 through 20 are sued under fictitious names pursuant to Code of

8  Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that

9  each defendant sued under such fictitious names is in some manner responsible for the wrongs

10  and damages as alleged below, and in so acting was functioning as the agent, servant, partner,

11  and employee of the co-defendants, and in doing the actions mentioned below was acting within

12  the course and scope of his or her authority as such agent, servant, partner, and employee with

13  the permission and consent of the co-defendants.

14      7. Each of the defendants was the agent, servant, or employee of the other defendants,

15  and each of them, and at all times herein alleged were acting withing the scope of their agency,

16  service or employment with the agreement and ratification of the other defendants, and each of

17  them.

18      8. Plaintiff was hired by defendants in July 2006 as a barista and assigned to Starbucks

19  store No. 8675, located on Cloverdale Boulevard, in the City of Cloverdale, Sonoma County,

20  California.

21      9. Beginning in approximately September 2006, through her termination on or about

22  December 13, 2006, plaintiff was sexually discriminated against, harassed, and subjected to a

23  sexually hostile work environment by the actions and comments of a co-worker by the name of

24  David Taha, and by defendant CHRISTINA CARROLL's harassment and retaliation against

25  plaintiff for complaining about the actions of co-worker David Taha.

26      10. During the period mentioned above, plaintiff was the victim of numerous

27  discriminatory and harassing actions and remarks made by co-worker David Taha on the basis of

28  her sex. These actions and remarks constituted an ongoing pattern of harassment, continued for

**COMPLAINT FOR DAMAGES**                                                  2

several weeks in the fall of 2006.

A. Co-worker David Taha began by leering and making comments on plaintiff's appearance, such as "you have a nice smile, you should smile more," and 'you're pretty." He would also intentionally touch plaintiff and brush up against her, especially in the drive-through section of the store. Plaintiff felt uncomfortable and tried to discourage this behavior at the workplace, by telling Mr. Taha that she had a boyfriend and was not interested. Plaintif also complained to the on-duty supervisor, who agreed to talk to David Taha.

B. Co-worker David Taha briefly stopped the behavior, but then began texting plaintiff and calling her on her cell phone, despite plaintiff's protestations.

11. When Mr. Taha resumed the unwanted advances, plaintiff complained to defendant CHRISTINA CARROLL; however, no immediate action was taken; instead defendant CARROLL continued to schedule plaintiff during the same working hours with David Taha, despite plaintiff's requests not to be scheduled on the same shift with Mr. Taha.

12, On October 23, 2006, plaintiff contacted the Standards of Business Conduct Helpline and spoke with a representative of defendants, and each of them. A formal complaint was made. However, no action was taken prior to plaintiff's termination. Plaintiff developed nervousness and anxiety as a result of the inaction and lack of protection on the part of defendants, and each of them.

13. On or about November 1, 2006, plaintiff provided defendant CARROLL a note, stating that she would not be able to "close" on November 4, 2006, and out of concern for her privacy further stated, "I think you know why." Plaintiff also submitted a Partner Information & Availability Agreement Form to defendant CARROLL to assist defendant CARROLL in scheduling plaintiff at times that David Taha did not work.

14. In response to plaintiff's November 4, 2006, note and Availability Agreement, defendant CARROLL advised plaintiff by writing in at the bottom of plaintiff's note that plaintiff would "need to see who can switch with you," again putting the burden on plaintiff to deal with the harassment issue on her own. Defendant CARROLL continued to schedule plaintiff on shifts that overlapped with that of co-worker David Taha.

**COMPLAINT FOR DAMAGES**                                                                 3

1    15.  Plaintiff began taking lunch at home to avoid being on the premises and coming into

2    contact with Mr. Taha on breaks.  On occasion, plaintiff would be late by a only few minutes.

3    When confronted by defendant CARROLL regarding the tardiness, plaintiff tried to explain that

4    she was more comfortable taking lunch at home, which was only a few blocks away.

5    16.  On November 25, 2006, defendant CARROLL issued a Corrective Action Form to

6    plaintiff, with a comment that plaintiff had on occasion during November 2006 returned from her

7    lunch break a few minutes late.  At this point, no action had been taken with respect to plaintiff's

8    sexual harassment complaints by either defendant CARROLL or defendants STARBUCKS

9    CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

10   STARBUCKS COFFEE COMPANY, or DOES 1 through 20, or any of them.

11   17.  On December 13, 2006, without ever having addressed the harassment issue

12   involving David Taha, defendants, and and each of them, through their managing agent

13   defendant CARROLL terminated plaintiff allegedly for time and attendance issues.

14   18.  Defendants and each of them violated their own written policies set forth in the

15   *Starbucks Partner Guide,* set forth on page 20, by failing to conduct an "immediate, thorough

16   and objective investigation" into plaintiff's complaints about harassment.

17   19.  On June 19, 2007, plaintiff filed Complaints with the California Department of Fair

18   Employment and Housing, naming defendant STARBUCKS CORPORATION, STARBUCKS

19   COFFEE COMPANY and CHRISTINA CARROLL.  On July 9, 2007, the Department of Fair

20   Employment & Housing issued "right-to-sue" notices as to each said defendant.

21   **FIRST CAUSE OF ACTION FIRST CAUSE OF ACTION**
     (Statutory Violation Employment Discrimination in Violation of Gov. Code Section 12940(a)
22   As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
     STARBUCKS COFFEE COMPANY,  STARBUCKS COFFEE COMPANY,
23   and DOES 1 through 20

24   20.  The  allegations set forth in Paragraphs 1 through 19 are realleged and incorporated

25   herein by reference.

26   21.  At all times mentioned in this complaint. Government Code sections 12940 et seq.

27   were in full force and effect and were binding on defendants. These sections require defendants

28   STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE

COMPLAINT FOR DAMAGES                                                                        4

1 COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 to refrain from

2 discriminating against and harassing any employee on the basis of sex, among other things.

3 Within the time provided by law, plaintiff filed a complaint with the California Department of

4 Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue

5 letter.

6     22. During the course of plaintiff's employment, defendants STARBUCKS

7 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

8 STARBUCKS COFFEE COMPANY, and DOES 1 through 20 created and allowed to exist a

9 sexually hostile environment and discriminated against and harassed plaintiff on the basis of

10 plaintiff's sex. Such discrimination and harassment was in violation of Government Code section

11 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to

12 plaintiff as alleged herein.

13     23. As a proximate result of defendants' STARBUCKS CORPORATION, STARBUCKS

14 CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE

15 COMPANY and DOES 1 through 20's conduct, plaintiff has suffered and continues to suffer

16 humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a

17 sum according to proof.

18     25. As a further proximate result of the conduct of defendants STARBUCKS

19 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

20 STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and

21 future lost earnings and other employments benefits, all to her damage in a sum according to poof.

22     26. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

23 is presently unaware of the precise amount of these expenses and fees and prays leave of court to

24 amend this complaint when the amounts are more fully known.

25     WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

26                **SECOND CAUSE OF ACTION**
            (Violation of Government Code Section 12940(k))

27     As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY

28                and DOES 1 through 50

**COMPLAINT FOR DAMAGES**                                                 5

27. The allegations set forth in Paragraphs 1 through 26 above are realleged and incorporated herein by reference.

28. At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20. This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring. As alleged above, defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY, CHRISTINA CARROLL and DOES 1 through 20, violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Within the time provided by law, plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter.

29. As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30. As a further proximate result of the conduct of defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and future lost earnings and other employments benefits, all to her damage in a sum according to poof.

31. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION**
(Sexual Harassment in Violation of Gov. Code Section 12940(j)(1))
As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20

32. The allegations set forth in Paragraphs 1 through 31 above are realleged and

COMPLAINT FOR DAMAGES                                                                 6

1 incorporated herein by reference.

2     33. Gov. Code Section 12940(j)(1) states in pertinent part that "It shall be an unlawful

3 employment practice..."'..For an employer...or any other person... to harass an

4 employee....because of....sex... Harassment of an employee...shall be unlawful if the entity, or its

5 agents or supervisors, knows or should have known of this conduct and fails to take immediate

6 and appropriate corrective action...".

7     34. As more fully set forth above, defendants' employee and plaintiff's co-worker, David

8 Taha, conducted a campaign of harassment against plaintiff because of her sex. As also alleged

9 above defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

10 STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

11 through 20 were fully aware of this sexual harassment and failed to take corrective action, as

12 alleged above

13     35. As a proximate result of David Taha's harassment of plaintiff, of which defendants

14 STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE

15 COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 were fully aware

16 and failed to take corrective action, as alleged above, plaintiff has been harmed in that plaintiff

17 has suffered the loss of the wages, benefits, and additional amounts of money plaintiff would have

18 received if plaintiff had not been terminated from her job due to the events and circumstances

19 occasioned by David Taha's harassment. As a result of such harassment and consequent harm,

20 plaintiff has suffered such damages in an amount according to proof.

21     36. As a further proximate result of David Taha's harassment of plaintiff, as alleged

22 above, of which defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION,

23 dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

24 through 20 were fully aware and failed to take corrective action, plaintiff have been harmed in that

25 plaintiff has suffered the past and future loss of earnings, and intangible loss of

26 employment-related opportunities. As a result of such harassment and consequent harm, plaintiff

27 has suffered such damages in an amount according to proof.

28     37. As a further proximate result of David Taha's harassment of the plaintiff, as alleged

**COMPLAINT FOR DAMAGES**         7

1  above, of which defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION,

2  dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

3  through 20 were fully aware and failed to take corrective action, plaintiff has been harmed in that

4  plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has

5  been injured in mind and body. As a result of such harassment and consequent harm, plaintiff has

6  suffered such damages in an amount according to proof.

7      38. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

8  is presently unaware of the precise amount of these expenses and fees and prays leave of court to

9  amend this complaint when the amounts are more fully known.

10      WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

11                      **FOURTH CAUSE OF ACTION**
              (Retaliation in Violation of Gov. Code Section 12940(h))
12      As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
        STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY,
13                      CHRISTINA CARROLL, DOES 1 through 20

14      39. The allegations set forth in Paragraphs 1 through 38 above are realleged and

15  incorporated herein by reference.

16      39. Gov. Code Section 12940(h) states in pertinent part that " "It shall be an unlawful

17  employment practice..."'"For any employer...or person to discharge, expel, or otherwise

18  discriminate against any person because the person has opposed any practices forbidden under

19  this part...".

20      40. As stated above plaintiff repeatedly complained to defendants about David Taha's

21  sexual harassment. Plaintiff also followed company procedures regarding this harassment

22  including, *inter alia,* , reporting to her immediate supervisor, reporting to the Store Manager,

23  defendant CHRISTINA CARROLL. the use of the Standards of Business Conduct Helpline and

24  spoke with a representative of defendants, and each of them. A formal complaint was made.

25  Despite the fact plaintiff complied with company procedures the defendants, and each of them,

26  failed to conduct an "immediate, thorough and objective investigation" into plaintiff's complaints

27  about harassment as required by the *Starbucks Partner Guide*. As a result of this failure plaintiff

28  began taking lunch at home to avoid being on the premises and coming into contact with Mr.

**COMPLAINT FOR DAMAGES**                                                                    8

1  Taha on breaks. On occasion, plaintiff would be late by a only few minutes. When confronted by
2  defendant CARROLL regarding the tardiness, plaintiff tried to explain that she was more
3  comfortable taking lunch at home. which was only a few blocks away. Instead of addressing
4  plaintiff's complaints, and without ever having addressed the harassment issue involving David
5  Taha, defendant CARROLL and defendants STARBUCKS CORPORATION, STARBUCKS
6  CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE
7  COMPANY terminated plaintiff allegedly for time and attendance issues on or about December
8  13, 2006.

9       41. Plaintiff is informed and believes and thereon alleges that defendant CARROLL and
10 defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
11 STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY reason for
12 terminating plaintiff's employment (for time and attendance issues) was a pretext. Plaintiff further
13. alleges that the real reason she was terminated was in retaliation for her complaints about David
14 Tahä's sexual harassment since the time and attendance issues were a direct result of the failure of
15 defendants and each of them to prevent Taha's harassment.

16       42. As result of defendants and each them's retaliation plaintiff has been harmed in that
17 plaintiff has suffered the loss of the wages, benefits, and additional amounts of money plaintiff
18 would have received if plaintiff had not been terminated from her job due to the events and
19 circumstances occasioned by David Taha's harassment. As a result of such harassment and
20 consequent harm, plaintiff has suffered such damages in an amount according to proof.

21       43 As a further proximate result of defendants and each of them's retaliation plaintiff has
22 been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical
23 distress, and has been injured in mind and body. As a result of such harassment and consequent
24 harm, plaintiff has suffered such damages in an amount according to proof.

25       44. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff
26 is presently unaware of the precise amount of these expenses and fees and prays leave of court to
27 amend this complaint when the amounts are more fully known.

28       WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

COMPLAINT FOR DAMAGES                                                                9

1
**FIFTH CAUSE OF ACTION**
(Wrongful Termiantion in Violation of Public Policy)
2 As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION. dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY
3 and DOES 1 through 20

4     45. The allegations set forth in Paragraphs 1 through 44 above are realleged and

5 incorporated herein by reference.

6     46.  As stated above, plaintiff is informed and believes and thereon alleges that defendants

7 STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS

8 COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 terminated

9 her employment because of her complaints about David Taha's sexual harassment and in

10 retaliation for said complaints.

11     47. Plaintiff is informed and believes and thereon alleges that defendant STARBUCKS

12 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

13 STARBUCKS COFFEE COMPANY and DOES 1 through 20 termination of her employment

14 constituted unlawful discrimination in employment in violation of Government Code Section

15 12940(a). This statute sets forth a well recognized public policy of the State of California against

16 employment discrimination

17     48. As a proximate result of defendants STARBUCKS CORPORATION, STARBUCKS

18 CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE

19 COMPANY and DOES 1 through 20 conduct as described above, and in violation of public

20 policy as set forth in Paragraph 48, above, defendant terminated plaintiff's employment on or

21 about December 13, 2006.

22     49. As a proximate result of defendant STARBUCKS CORPORATION, STARBUCKS

23 CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE

24 COMPANY and DOES 1 through 20 conduct, plaintiff has suffered harm, humiliation,

25 embarrassment, emotional distress, and mental anguish, all to her damage in an amount according

26 to proof.

27     50. As a further proximate result of the conduct of defendants STARBUCKS

28 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

COMPLAINT FOR DAMAGES                                                                    10

1  STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and

2  future lost earnings and other employments benefits, all to her damage in a sum according to poof.

3    WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(Ratification)
As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY
and DOES 1 through 20

7    51. Plaintiff realleges and incorporates by reference each and every allegation set forth in

8  Paragraphs 1 through 50, as though fully set forth herein.

9    52. As alleged above defendants As to defendants STARBUCKS CORPORATION,

10  STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS

11  COFFEE COMPANY and DOES 1 through 20 knew or should have known David Taha's

12  campaign of harassment against the plaintiff. Plaintiff is informed and believes and thereon

13  alleges that defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

14  STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

15  through 20 , by and through their supervisors, managers and other agents failed to criticize,

16  censure, terminate, suspend, or otherwise sanction or take any action against David Taha, thereby

17  ratifying the conduct of David Taha. The acts of defendants STARBUCKS CORPORATION,

18  STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS

19  COFFEE COMPANY and DOES 1 through 20 CALIFORNIA DEPARTMENT OF

20  VETERANS AFFAIRS and POST FUND ENTERPRISES alleged above were willful, wanton,

21  malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

22    WHEREFORE, plaintiff prays judgment as hereinafter set forth.

23    **DEMAND FOR JURY TRIAL**

24  Plaintiff hereby demands a jury trial.

25    **PRAYER FOR RELIEF**

26  WHEREFORE plaintiffs pray judgment against defendants as follows:

27  1. For back pay, front pay, and other monetary relief according to proof;

28  2. For general damages according to proof;

COMPLAINT FOR DAMAGES                                          11

3. For special damages according to proof.

4. For punitive damages in an amount appropriate to punish the defendants for their

3  wrongful conduct and set an example for others;

4      5. For interest on the sum of damages awarded, calculated from the date of their

5  terminations, to the date of judgment;

6      6. For reasonable attorney's fees and costs, including expert witness fees, pursuant to

7  Government Code Section 12965(b);

8      7. For costs of suit herein incurred; and

9      8. For all other and further relief the Court deems just and proper

10  Dated:  December 13, 2007                    KNEISLER, SCHONDEL & HUBBS

11

12                                      By:
                                           E. Denise Schissler, Esq.
13                                     Attorney for Plaintiff
                                       WHITNEY BECK
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**                                                12



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br>ENDORSED<br>FILED<br><br>DEC 13 2007<br><br>SUPERIOR COURT<br>OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE**<br>☐ Collections (see footnote)* | Case number:<br>*SCV 242005* |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
## AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____Elaine Rushing_____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear
   below the number of the case and the nature of the paper on the first page of each paper
   presented for filing.
2. A Case Management Conference has been set at the time and place indicated below:

   | Date: **APR 17 2008**<br>Location: 1450 Guerneville Road<br>Santa Rosa, CA 95403 | Time: *8:30am* | Courtroom: *19* |
   |---|---|---|

3. No later than 15 calendar days before the date set for the case management conference or
   review, each party must file a case management statement [Judicial Council form #CM-110] and
   serve it on all other parties in the case.  In lieu of each party's filing a separate case management
   statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally
   or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and
   must be prepared to discuss and commit to the party's position on the issues listed in California
   Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management
   conference.  These may be obtained by calling (707) 521-6883 or by going to
   http://www.sonomasuperiorcourt.com/tentative/index.php.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in
California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this
Court should not impose monetary and/or terminating sanctions.

---

*\* **Telephone appearances are not allowed.**  Case Management Conferences in Collections cases incorporate
a settlement conference.  Counsel/parties **with settlement authority** are required to appear in person.*

CV-1 [Rev. May 25, 2007] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC   CRC. Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:           FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA |
|---|
| 600 ADMINISTRATION DRIVE, ROOM 107-J |
| SANTA ROSA, CALIFORNIA 95403-2878 |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **ADR INFORMATION SHEET**<br>**[Sonoma County Superior Court Rules, Rule 16]** | | CASE NUMBER: |
|---|---|---|
| (Check one):   ☐   **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐   **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐ Mediation                                     ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration               ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference               ☐ Summary Jury Trial

☐ Other _____                ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____      _____
                                                Signature of Party

Date: _____      _____
                                                Signature of Party

Date: _____      _____
                                           Signature of Attorney for Party
                                    ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 |
|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: |
|---|

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                              ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration            ☐ Private Settlement Conference
☐ Early Neutral Evaluation               ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____  Fax: _____  E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date): _____
☐ No agreement

☐ The parties have reached agreement as to the payment of fees of ADR provider.
☐ The parties have not reached agreement as to the payment of fees of ADR provider.

| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without attorney (Sign in blue ink) |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without attorney (Sign in blue ink) |

☐ Additional signatures are attached

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## ORDER

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____          _____
            Date                                       Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should appear. You must check the phone message at _____or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

***THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.***

_____          _____
            Date                                       JUDGE OF THE SUPERIOR COURT

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):**  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)      ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:              Div.:              Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
    a. ☐  This statement is submitted by party *(name):*
    b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐  The following parties named in the complaint or cross-complaint
        (1) ☐  have not been served *(specify names and explain why not):*

        (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐  have had a default entered against them *(specify names):*

    c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
    a.  Type of case in  ☐  complaint      ☐  cross-complaint      *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a. ·Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

      <u>Party</u>               <u>Description</u>             <u>Date</u>

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY)

                                        ☐ Additional signatures are attached



# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

---

CV-41, New 1/1/07    **PETALUMA PRO TEM JUDGE PROGRAM NOTICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | ***FOR COURT USE ONLY*** |
|---|---|
| Telephone No.:                    FAX No.:<br><br>ATTORNEY FOR (Name):                    Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA 95403<br>Telephone: (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

## NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
### (Sonoma County Superior Court Local Rule 16)

**Name of Mediator Selected:** _____

    **PLEASE TAKE NOTICE** that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. **PLEASE NOTE:** you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860. The form is available at the web site of the California Courts www.courtinfo.ca.gov.

    If you <u>are not</u> a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice *with your original signature* with the Court not less than five days before commencement of the mediation. Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 565-7059.

    If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

    If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 565-7000 or ADR@sonomacourt.org.

## MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
             (print name)

the conditions stated in this notice.

Dated: _____    _____
                                             (Mediator's Signature)

1  Robert C. Hubbs, Esq. (SBN 145641)
   E. Denise Schissler, Esq. (SBN 193757)
2  KNEISLER, SCHONDEL & HUBBS
   538 Mendocino Avenue
3  P.O. Box 5767
   Santa Rosa, CA 95402-5767
4  Telephone: (707) 542-5132
   Facsimile: (707) 547-2212
5

6  Attorneys for Plaintiff
   WHITNEY BECK
7

8              SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SONOMA

10 WHITNEY BECK,                    Case No. 242005

11          Plaintiff,              **NOTICE OF CONTINUED CASE**
                                    **MANAGEMENT CONFERENCE**
12 v.
                                    UNLIMITED CIVIL
13 STARBUCKS CORPORATION, et al.,

14          Defendants.
   _____/
15

16 TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:

17         PLEASE TAKE NOTICE that the Case Management Conference in the above-captioned

18 matter has been continued to May 29, 2008, at 8:30 a.m., in Department 19, of the above-entitled

19 Court, located at 1450 Guerneville Road, Santa Rosa, CA 95403.  The partes are required to file

20 Case Management Conference Statements 15 calendar days prior to the Case Management

21 Conference.

22 DATED:  April 24, 2008              KNEISLER, SCHONDEL & HUBBS

23

24                                    By_____
25                                       E. DENISE SCHISSLER
                                         Attorneys for Plaintiff
26

27

28

Notice of Continued Case Management Conference                                          1



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

VR1 / ALL
Transmittal Number: 5776928
Date Processed: 05/13/2008

| | |
|---|---|
| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number 0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Whitney Beck vs. Starbucks Corporation |
| Document(s) Type: | Notice |
| Nature of Action: | Labor / Employment |
| Court: | Sonoma Superior Court, California |
| Case Number: | SCV 242005 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/13/2008 |
| Answer or Appearance Due: | 05/29/2008 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Robert C. Hubbs<br>707-542-5132 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**CORPORATION SERVICE COMPANY***

# Notice of Service of Process

LDD / ALL
Transmittal Number: 5777131
Date Processed: 05/13/2008

| | |
|---|---|
| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |

| | |
|---|---|
| Entity: | Starbucks Coffee Company<br>Entity ID Number 0178010 |
| Entity Served: | Starbucks Corporation, dba Starbucks Coffee Company |
| Title of Action: | Whitney Beck vs. Starbucks Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | Sonoma Superior Court, California |
| Case Number: | SCV 242005 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/13/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | E. Denise Schissler<br>707-542-5132 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

ENDORSED
FILED

JUN 11 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, California  94111
4  Tel: (415) 344-7000
   Fax: (415) 344-7050
5
   Attorneys for Defendants
6  STARBUCKS CORPORATION, STARBUCKS
   CORPORATION dba STARBUCKS COFFEE COMPANY,
7  and STARBUCKS COFFEE COMPANY

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                          COUNTY OF SONOMA

10

11  WHITNEY BECK,                          Case No. SCV 242005

12                Plaintiff,               **DEFENDANTS STARBUCKS**
                                           **CORPORATION, STARBUCKS**
13         v.                              **CORPORATION dba STARBUCKS**
                                           **COFFEE COMPANY,**
14  STARBUCKS CORPORATION;                 **and STARBUCKS COFFEE**
    STARBUCKS CORPORATION, dba             **COMPANY'S ANSWER TO**
15  STARBUCKS COFFEE COMPANY;              **UNVERIFIED COMPLAINT**
    STARBUCKS COFFEE COMPANY;
16  CHRISTINA CARROLL; DOES 1 through
    20, inclusive,
17
                                           BY FAX
18                Defendants.

19                          *Starbucks Corporation* "ERRONEOUSLY SUED AS"
       Defendants Starbucks Corporation, Starbucks Corporation dba Starbucks Coffee

20  Company, and Starbucks Coffee Company (collectively, "Starbucks") – erroneously sued in

21  triplicate – for themselves alone and for no other defendant, answer plaintiff Whitney Beck's

22  unverified Complaint for Damages ("Complaint") as follows:

23         Pursuant to Section 431.30 of the California Code of Civil Procedure, defendants

24  generally deny each and every allegation contained in the Complaint, and the whole thereof, and

25  further deny that plaintiff was damaged in the manner or sum alleged, or in any other manner or

26  sum whatsoever.

27

28

ANSWER TO COMPLAINT
Case No. SCV 242005

**EXHIBIT B**

1

## AFFIRMATIVE DEFENSES

2    As and for its affirmative defenses to all causes of action purported to be set forth against

3    it in the Complaint, defendants alleges as follows:

4

### FIRST AFFIRMATIVE DEFENSE

5    1.    The Complaint, and each purported cause of action alleged therein, fails to state a

6    claim against Starbucks upon which relief may be granted.

7

### SECOND AFFIRMATIVE DEFENSE

8    2.    The Complaint, and each purported cause of action alleged therein, fails because

9    the pleading is uncertain.

10

### THIRD AFFIRMATIVE DEFENSE

11    3.    Plaintiff's employment was terminable at the will of either plaintiff or Starbucks

12    under California Labor Code section 2922.

13

### FOURTH AFFIRMATIVE DEFENSE

14    4.    Starbucks is informed and believes that plaintiff's claims are barred by the

15    applicable statutes of limitations, including California Code of Civil Procedure section 340(3)

16    and California Government Code sections 12940 *et seq.*

17

### FIFTH AFFIRMATIVE DEFENSE

18    5.    The Court lacks subject matter jurisdiction over all claims asserted under the

19    California Fair Employment and Housing Act, California Government Code §§ 12900 *et seq.*, in

20    that plaintiff has failed to satisfy the jurisdictional prerequisites for commencing a suit under the

21    Act.

22

### SIXTH AFFIRMATIVE DEFENSE

23    6.    The Complaint, and each purported cause of action alleged therein, is barred by

24    the doctrine of laches, waiver, and/or estoppel.

25

### SEVENTH AFFIRMATIVE DEFENSE

26    7.    The Complaint, and each purported cause of action alleged therein, is barred by

27    virtue of plaintiff's unclean hands and inequitable conduct.

28

- 2 -

### EIGHTH AFFIRMATIVE DEFENSE

8.     Starbucks alleges that all actions with regard to plaintiff were taken for legitimate and non-discriminatory reasons, were based on reasonable factors other than plaintiff's gender, and were a just and proper exercise of management discretion undertaken for a fair and honest reason, not prohibited by statute.

### NINTH AFFIRMATIVE DEFENSE

9.     To the extent Starbucks took any of the actions alleged in the Complaint, and to the extent that such actions are attributable to the management of Starbucks, those actions were the true and privileged acts of management taken in good faith for lawful business reasons and were not arbitrary or capricious.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred because, to the extent Starbucks engaged in any of the conduct alleged in the Complaint, such conduct was applicable alike to all persons.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     At all times pertinent to this action, Starbucks had a written policy against unlawful discrimination and harassment which provided for a procedure for employees to lodge Complaints of unlawful discrimination or harassment and provided for prompt and thorough investigation of any such Complaints.  Plaintiff failed to utilize Starbucks policy.  As such, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages constituting the avoidable consequences of plaintiff's failure to utilize Starbucks internal policy against unlawful discrimination and harassment.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's causes of action are barred, and any recovery of damages precluded, because Starbucks exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, or retaliatory behavior in that it had an equal employment opportunity policy, an anti-discrimination policy, and an anti-harassment policy which were communicated to all employees and strictly enforced.

- 3 -

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Starbucks alleges that plaintiff's harassment cause of action is barred because defendants' alleged misconduct was not severe or pervasive.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    If Starbucks employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Starbucks, and thus Starbucks is not liable for such acts.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff failed to adequately fulfill her responsibilities as an employee of Starbucks pursuant to California Labor Code sections 2850 through 2866.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence, or alternatively, the doctrine of after-acquired evidence limits and reduces plaintiff's alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Any loss, injury, or damage purportedly incurred by plaintiff was proximately caused by acts or omissions of persons who Starbucks neither controlled nor had the right to control, and was not proximately caused by any act, omission, or other conduct by Starbucks.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    If Starbucks did wrongfully discharge and/or retaliate against plaintiff or commit any of the alleged wrongdoing, although such is not admitted hereby or herein, plaintiff had a duty to mitigate damages by promptly seeking employment elsewhere.  By the exercise of reasonable effort, plaintiff could have obtained employment elsewhere of substantially similar character promptly following Starbucks alleged wrongful termination, but plaintiff failed and refused to exercise such effort and refused to accept such employment elsewhere.

-4-

## NINETEENTH AFFIRMATIVE DEFENSE

19.    If Starbucks did subject plaintiff to any wrongful or unlawful conduct resulting in mental, physical, or emotional harm, although such is not admitted hereby, plaintiff had a duty to exercise reasonable effort to mitigate any damages plaintiff may have suffered by seeking medical and psychological treatment and plaintiff has failed to do so. Accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages that would otherwise have been mitigated.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    To the extent that the Complaint or any purported cause of action alleged therein alleges emotional and/or physical injury, any recovery therefore is barred because plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act. *See* California Labor Code §§ 3601-02.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff is barred from any recovery against Starbucks because the damages and injuries, if any, of which plaintiff complains, were solely and proximately caused by the negligent or wrongful acts of plaintiff or her agents. In the event, however, that a finding is made that Starbucks committed any negligent or wrongful acts and further that such negligent or wrongful acts contributed to Plaintiff's injuries or damages, if any, then plaintiff's recovery, if any, should be reduced on the basis of plaintiff's agents comparative fault that contributed to the alleged injuries or damages or claims upon which plaintiff seeks recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    If plaintiff suffered or sustained any loss, damage, or injury at or about the time and place alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any risk there was, was knowingly assumed and consented to by plaintiff.

- 5 -

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2      23.    Plaintiff's causes of action, and each of them, do not state facts sufficient to

3    enable plaintiff to recover exemplary or punitive damages.

4

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5      24.    Starbucks liability, if any, for the non-economic (special) damages claimed by

6    plaintiff is limited by Civil Code section 1431.1 *et seq.*

7

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

8      25.    The Complaint as a whole, and each purported cause of action alleged therein, is

9    barred in whole or in part and/or recovery is precluded because Starbucks conduct was not

10   willful.

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12     26.    Plaintiff's causes of action are "frivolous, unreasonable, or groundless" within the

13   meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly,

14   Starbucks should recover all costs and attorneys' fees incurred herein under California Code of

15   Civil Procedure § 128.5.

16     Because Starbucks investigation is ongoing, it reserves the right to assert additional

17   defenses, if and to the extent it becomes aware of such defenses.

18

19

20

21

22

23

24

25

26

27

28

- 6 -

1    WHEREFORE, defendants pray for relief as follows:

2    a.    Plaintiff take nothing by her Complaint;

3    b.    That judgment be entered in favor of defendants;

4    c.    That defendants recover their costs and expenses incurred herein, including

5  reasonable attorneys' fees; and

6    d.    For such other and further relief as the Court deems just and equitable.

7

8  DATED:  June 11, 2008                PERKINS COIE LLP

9                                       By: _____
10                                          David R. Burtt

11                                     Attorneys for Defendants
                                       STARBUCKS CORPORATION, STARBUCKS
12                                     CORPORATION dba STARBUCKS COFFEE
                                       COMPANY, and STARBUCKS COFFEE
13                                     COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

ANSWER TO COMPLAINT
Case No. SCV 242005

1                            **PROOF OF SERVICE**

2      I, Sheila M. Merrill, declare:

3         I am a citizen of the United States and employed in San Francisco County, California. I

4 am over the age of eighteen years and not a party to the within-entitled action. My business

5 address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. On

6 June 11, 2008, I served a copy of the within document(s):

7              **DEFENDANT STARBUCKS CORPORATION, STARBUCKS**

8             **CORPORATION dba STARBUCKS COFFEE COMPANY,**
               **and STARBUCKS COFFEE COMPANY'S ANSWER TO**

9                      **UNVERIFIED COMPLAINT**

10   ☒    by transmitting via facsimile the document(s) listed above to the fax number(s) set
        forth below on this date before 5:00 p.m.

11
12   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, the United States mail at San Francisco, California addressed as set
        forth below.

13
14   ☐    by placing the document(s) listed above in a sealed _____ envelope and
        affixing a pre-paid air bill, and causing the envelope to be delivered to a
15         _____ agent for delivery.

16   ☐    by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.

17
18     Robert C. Hubbs, Esq.           *Attorneys for Plaintiff*
    E. Denise Schissler, Esq.       *Whitney Beck*
19     KNEISLER, SCHONDEL & HUBBS
    538 Mendocino Avenue
20     P.O. Box 5767
    Santa Rosa, CA 95402-5767
21     Phone: (707) 542-5132
    Fax: (707) 547-2212

22

23         I am readily familiar with the firm's practice of collection and processing correspondence

24 for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

25 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

26 motion of the party served, service is presumed invalid if postal cancellation date or postage

27 meter date is more than one day after date of deposit for mailing in affidavit.

28

1        I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3        Executed on June 11, 2008, at San Francisco, California.

4

5

6                                         Sheila M. Merrill

18177-0198/LEGAL14368173.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

18177-0198/LEGAL14368173.1

**From:** Denise Schissler [mailto:edsesq@injuredworkerlaw.com]
**Sent:** Monday, June 09, 2008 8:19 AM
**To:** Burtt, David (Perkins Coie)
**Subject:** RE: Beck v. Starbucks
**Importance:** High

Dave:

Sounds like both of our schedules are busy. I haven't connected with my client, mostly due to my being out of the office a lot lately. However, I will try to get her in for a consult this week. In the meantime, I will stipulate to dismiss Christina Carroll. Please forward a formal Stipulation for my review and signature. In the meantime, I will grant an open extension to respond on her behalf. If you need more time to respond on behalf of Starbucks, let me know. A brief extension will not be a problem.

I will get in touch with you this week about my discussions with Whitney. Thank you for your continued professionalism

E. Denise Schissler
KNEISLER, SCHONDEL & HUBBS
Tel (707) 542-5132
Fax. (707) 547-2212

---

**From:** Burtt, David (Perkins Coie) [mailto:DBurtt@perkinscoie.com]
**Sent:** Sunday, June 08, 2008 11:43 AM
**To:** Denise Schissler
**Cc:** Merrill, Sheila (Perkins Coie); Koo, Jonmi (Perkins Coie)
**Subject:** Beck v. Starbucks

Denise -

Can you give me a call early this week when you have a minute? I wanted to see if you'd had the chance to catch up with Whitney to discuss settlement after you and I had kicked around some terms a few weeks ago.

With the complaint served on 5/13, Starbucks response is due on Thursday (5/12). If we're not making any settlement progress by then, I'd ask that you please file a dismissal w/ prejudice as to Christina Carroll by no later than Wednesday since the recent CA Supreme Court decision in *Torrey Pines* precludes individual liability on FEHA retaliation claims (and that's the only claim pled against Ms. Carroll). Otherwise, defendants will have to file a demurrer to remove Ms. Carroll from the case which seems wasteful given the state of law.

I'm traveling quite a bit this week so easiest way to reach me is on the cell @ 650-544-8090.

Thanks in advance-
DRB

David R. Burtt  |  Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111

**EXHIBIT C**

(415) 344-7036 - SF direct
(503) 727-2071 - PDX direct
(415) 344-7236 - fax

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| E. Denise Schissler (SBN# 193757)<br>KNEISLER, SCHONDEL & HUBBS<br>538 Mendocino Avenue<br>Santa Rosa, CA 95401 | (707) 542-5132<br>FAX NO.:<br>(707) 547-2212 | |

ATTORNEY FOR *(name):* Whitney Beck, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95401
BRANCH NAME:

PLAINTIFF: WHITNEY BECK
DEFENDANT: STARBUCKS CORPORATION, et al

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>SCV 242005 |
|---|---|

To *(name of one defendant only):* STARBUCKS CORPORATION
Plaintiff *(name of one plaintiff only):* WHITNEY BECK
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience ................................................................ | $ | 500,000.00 |
| b. [X] Emotional distress. ................................................................................... | $ | UNKNOWN |
| c. [ ] Loss of consortium ................................................................................... | $ | |
| d. [ ] Loss of sociey and companionship *(wrongful death actions only)* .................... | $ | |
| e. [ ] Other *(specify)* | $ | |
| f. [ ] Other *(specify)* | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [ ] Medical expenses *(to date)* ..................................................................... | $ | |
| b. [ ] Future medical expenses *(present value)* ................................................... | $ | |
| c. [X] Loss of earnings *(to date)* ..................................................................... | $ | UNKNOWN |
| d. [X] Loss of future earning capacity *(present value)* .......................................... | $ | UNKNOWN |
| e. [ ] Property damage ...................................................................................... | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* .......................................... | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* ................. | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... | $ | |
| i. [X] Other *(specify)*  Front pay, back pay, wages, interest, penalties | $ | UNKNOWN |
| j. [X] Other *(specify)*  Other monetary relief according to proof | $ | UNKNOWN |
| k. [ ] Continued on Attachment 2.k. | | |
| 3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $ | | 500,000.00 |
| when pursuing a judgment in the suit filed against you. | | |

Date: January 21, 2008

E. Denise Schissler
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 (Rev. January 1, 2007)

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

**EXHIBIT D**