1   DAVID R. ONGARO, State Bar No. 154698
      dongaro@perkinscoie.com
2   DAVID R. BURTT, State Bar No. 201220
      dburtt@perkinscoie.com
3   JONMI N. KOO, State Bar No. 233136
      jkoo@perkinscoie.com
4   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
5   San Francisco, CA  94111-4131
    Telephone:  (415) 344-7000
6   Facsimile:  (415) 344-7050

7   Attorneys for Defendant
    STARBUCKS CORPORATION

8

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  WHITNEY BECK,                    Case No.  CV 08 2930 MEJ

14            Plaintiff,             **CERTIFICATE OF SERVICE OF
                                     NOTICE TO ADVERSE PARTY OF
15       v.                          REMOVAL TO FEDERAL COURT**

16
    STARBUCKS CORPORATION, a Washington
17  corporation; CHRISTINA CARROLL, an
    individual; and DOES 1 through 20, inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
Case No. CV 08 2930 MEJ

1    Sheila M. Merrill certifies and declares as follows:

2          I am over the 18 years and not a party to this action.

3          My business address is Four Embarcadero Center, Suite 2400. San Francisco, California

4    94111, which is located in the city, county and state where the mailing described below, took place.

5    I am personally familiar with the business practice of Perkins Coie LLP.  On June 13, 2008, I served

6    a copy of the **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** dated

7    June 13, 2008, a copy of which is attached to this Certificate as <u>Exhibit A</u>, on the following parties:

8

9          Robert C. Hubbs, Esq.
           E. Denise Schissler, Esq.
10         KNEISLER, SCHONDEL & HUBBS
           538 Mendocino Avenue
11         P.O. Box 5767
           Santa Rosa, CA  95402-5767

12

13    _____ (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by
          Federal Express.

14    __X__ (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and
          mailing following the ordinary business practices of Perkins Coie LLP.
15

16    _____ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

17    _____ (By Facsimile/Telecopy) I caused each document to be sent by Automatic
          Facsimile/Telecopier to the number(s) indicated above.

18

19          I declare under penalty of perjury under the laws of the State of California that the above is

20    true and correct and that this declaration was executed at San Francisco, California.

21    DATED:  June 18, 2008

22                                              _Sheila M. Merrill_

23                                              Sheila M. Merrill

24    43165-0017/LEGAL14377827.1

25

26

27

28

- 2 -

1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA 94111-4131
4   Telephone: (415) 344-7000
    Facsimile: (415) 344-7050
5
    Attorneys for Defendants
6   STARBUCKS CORPORATION, STARBUCKS
    CORPORATION dba STARBUCKS COFFEE
7   COMPANY, and STARBUCKS COFFEE
    COMPANY
8
9                SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10                          COUNTY OF SONOMA
11
12  WHITNEY BECK,                          Case No. SCV 242005

13              Plaintiff,                 **NOTICE TO ADVERSE PARTY OF
                                           REMOVAL TO FEDERAL COURT**
14         v.
15
    STARBUCKS CORPORATION, a Washington
16  corporation; CHRISTINA CARROLL, an
    individual; and DOES 1 through 20, inclusive,
17
18              Defendants.
19
20  TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND

21  FOR THE COUNTY OF SONOMA AND TO PLAINTIFF AND HER ATTORNEY OF

22  RECORD:

23         PLEASE TAKE NOTICE that on June 12, 2008, Defendant Starbucks Corporation

24  (hereafter "Starbucks"), filed a Notice of Removal of such action with the Clerk of the United

25  States District Court for the Northern District of California (San Francisco Division). Starbucks

26  attaches hereto as Exhibit 1 a copy of said Notice of Removal and all other papers filed with the

27  Clerk of the United States District Court for the Northern District of California. Starbucks also

28                          **EXHIBIT A**

NOTICE TO ADVERSE PARTY OF NOTICE OF REMOVAL
Case No. SCV 242005

1   attaches hereto as Exhibit 2 all papers presented by the Clerk of the United States District Court

2   upon the filing of the Notice of Removal.

3          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S. C. § 1446(d), the filing of

4   the Notice of Removal in the United States District Court, together with the filing of this Notice

5   with this Court, effects the removal of this action and, therefore, this Court may proceed no

6   further with this action unless and until the action is remanded.

7

8   DATED:  June 12, 2008            **PERKINS COIE LLP**

9

10                        By: _____
                                 Jonni N. Koo

11                        Attorneys for Defendant
                          STARBUCKS CORPORATION

12

13

14   18177-0198/LEGAL14374829.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1   DAVID R. ONGARO, State Bar No. 154698
    dongaro@perkinscoie.com
2   DAVID R. BURTT, State Bar No. 201220
    dburtt@perkinscoie.com
3   JONMI N. KOO, State Bar No. 233136
    jkoo@perkinscoie.com
4   PERKINS COIE LLP
  Four Embarcadero Center, Suite 2400
5   San Francisco, CA 94111-4131
  Telephone: (415) 344-7000
6   Facsimile: (415) 344-7050

7   Attorneys for Defendant
  STARBUCKS CORPORATION

8

9           UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11            SAN FRANCISCO DIVISION

12

13   WHITNEY BECK,              Case No.

14           Plaintiff,       **NOTICE OF REMOVAL OF ACTION**
                          **UNDER 28 U.S.C. § 1441(b)**

15

16       v.

17   STARBUCKS CORPORATION, a Washington
  corporation; CHRISTINA CARROLL, an
18   individual; and DOES 1 through 20, inclusive,

19          Defendants.

20

21   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22          PLEASE TAKE NOTICE that Defendant Starbucks Corporation (hereafter "Starbucks"),

23   by and through its undersigned counsel, hereby removes this action to the United States District

24   Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting

25   original federal jurisdiction under 28 U.S.C. § 1332(a). Removal is proper for the following

26   reasons.

27

28

---

NOTICE OF REMOVAL
Case No.

                    **EXHIBIT 1**

**BACKGROUND**

1.      On or about December 13, 2007, plaintiff Whitney Beck ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Sonoma, entitled *Whitney Beck v. Starbucks Corporation, Starbucks Corporation dba Starbucks Coffee Company, Starbucks Coffee Company, Christina Carroll, and Does 1 through 20, inclusive*, Case No. SCV 242005 ("Complaint").  A copy of the Summons and Complaint are attached as Exhibit A.

**TIMELINESS OF REMOVAL**

2.      Plaintiff served Starbucks with the Summons and Complaint on May 13, 2008.

3.      On June 11, 2008, Starbucks filed its Answer in state court.  The Answer is attached as Exhibit B.

4.      Removal is timely because Starbucks filed it within thirty (30) days of its first receipt of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

5.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332 (diversity jurisdiction).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as (1) Plaintiff is a citizen of a State different from that of Starbucks, the only proper defendant in this action, and (2) it is more likely than not that the matter in controversy for the individual claims exceeds the sum or value of $75,000.

**Diverse Citizenship of the Parties**

6.      *Plaintiff's Citizenship*.  Starbucks is informed and believes and on that basis alleges that Plaintiff, at the time she commenced her action, was and still is a citizen of the State of California.

7.      *Defendant's Citizenship*.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Starbucks, at the time Plaintiff commenced this action, was, and still is, a corporation incorporated under the laws of Washington, with its principal place of business located in Seattle, Washington, and thus was and is a citizen of Washington.

NOTICE OF REMOVAL
Case No.

1    8.    *Citizenship of Erroneously Sued Entities.* In addition to naming Starbucks

2    Corporation as a defendant, Plaintiff has also named as defendants Starbucks Corporation dba

3    Starbucks Coffee Company and Starbucks Coffee Company. These entities do not exist.

4    9.    *Christina Carroll is a Sham Defendant.* Plaintiff has also named Christina Carroll

5    as an individual defendant in this action, and Ms. Carroll, on information and belief, is a citizen

6    of the State of California. However, the Court should disregard Ms. Carroll's citizenship for

7    purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that she

8    is a "sham" defendant. The only cause of action pled against Ms. Carroll is retaliation under the

9    Fair Employment and Housing Act. Cal. Gov't Code § 12940(h) ("FEHA"). However, in March

10    of 2008 – after Plaintiff filed her Complaint – the California Supreme Court held that individual

11    managers cannot be held liable for retaliation under FEHA. *Jones v. Lodge at Torrey Pines*

12    *Partnership*, 42 Cal.4th 1158 (2008). Plaintiff has already agreed to dismiss Ms. Carroll as a

13    defendant in this action, as evidenced by her counsel's e-mail attached hereto as Exhibit C.

14    10.    *Doe Defendants.* Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

15    unknown defendants should be disregarded for purposes of establishing removal jurisdiction

16    under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)

17    (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe

18    defendants one through twenty, inclusive, does not deprive this Court of jurisdiction.

19                                **Amount in Controversy**

20    11.    This Court has original jurisdiction over this action because, as set forth below,

21    the alleged amount in controversy for the individual named plaintiff more likely than not exceeds

22    $75,000. 28 U.S.C. § 1332.

23    12.    Plaintiff requests a panoply of relief in her Complaint, including back pay, front

24    pay, general and special damages according to proof, punitive damages, interest, reasonable

25    attorneys' fees (including expert witness fees), and costs of suit. *See* Complaint, at pp. 11-12.

26    Along with the Complaint, Plaintiff served an Itemized Statement of Damages wherein she

27    valued her general damages for pain, suffering, and inconvenience at $500,000. *See* Exhibit D.

28    Plaintiff also valued her punitive damages at $500,000. *See id.* While Plaintiff has not yet

- 3 -

1    placed a value on her claimed damages for emotional distress, lost past and future earnings,

2    interest, or penalties, the amount in controversy in this action necessarily exceeds $1,000,000.

3    These extensive damages sought by Plaintiff exceed the minimum jurisdictional amount of

4    $75,000.

5          13.    Because diversity of citizenship exists, Plaintiff being a citizen of the State of

6    California and Starbucks being a citizen of the State of Washington, and because the amount in

7    controversy for Plaintiff more likely than not exceeds seventy-five thousand dollars ($75,000),

8    pursuant to 28 U.S.C. §§ 1332(a), this Court has original jurisdiction of the action. This action is

9    therefore a proper one for removal to this Court.

10                         **INTRADISTRICT ASSIGNMENT**

11         14.    Pursuant to 28 U.S.C. §§ 1441 and 1446(a), assignment to the United States

12   District Court for the Northern District of California (San Francisco Division) is proper because

13   Plaintiff filed the action being removed in the Superior Court of California, County of Sonoma.

14                           **NOTICE OF REMOVAL**

15         15.    Pursuant to 28 U.S.C. § 1446(d), Starbucks will promptly serve on Plaintiff and

16   file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant

17   to Federal Rule of Civil Procedure 5(d), Starbucks will also file with this Court a "Certificate of

18   Service of Notice to Adverse Party of Removal to Federal Court."

19

20

21

22

23

24

25

26

27

28

- 4 -

1    WHEREFORE, Starbucks requests that this Court consider this Notice of Removal as

2  provided by law governing the removal of cases to this Court, that this Court take such steps as

3  are necessary to achieve the removal of this matter to this Court from the Sonoma County

4  Superior Court, and that this Court will make such other orders as may be appropriate to effect

5  the preparation and filing of a true record in this cause of all proceedings that may have been had

6  in the state court action.

7

8  DATED:  June 12, 2008                    **PERKINS COIE LLP**

9

10                                          By: _____
                                               Jonmi N. Koo
11
                                            Attorneys for Defendant
12                                          STARBUCKS CORPORATION

13  18177-0198/LEGAL14372770.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL
Case No.

# SUMMONS
## (CITACION JUDICIAL)

ENDORSED

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

DEC 13 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE
COMPANY, CHRISTINA CARROLL, DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WHITNEY BECK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Sonoma County Superior Court  600 Administration Drive, Room 107-J  Santa Rosa, CA 95403 | SCV 242005 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
E. Denise Schissler, Esq. (SBN 193757) KNEISLER, SCHONDEL & HUBBS 538 Mendocino Avenue,
P.O. Box 5767, Santa Rosa, CA 95402-5767 Tel: (707) 542-5132 Fax: (707) 547-2212

| DATE: *(Fecha)* DEC 13 2007 | DENISE by GORDON  HAZEL EINARSSON  *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Starbucks corporation, PBA Starbucks coffee company

under: [X] CCP 416.10 (corporation)       [  ] CCP 416.60 (minor)
[  ] CCP 416.20 (defunct corporation)      [  ] CCP 416.70 (conservatee)
[  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
[  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

**EXHIBIT A**

ENDORSED
FILED

DEC 13 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1 | Robert C. Hubbs, Esq. (SBN 145641)
E. Denise Schissler, Esq. (SBN 193757)
2 | KNEISLER, SCHONDEL & HUBBS
538 Mendocino Avenue
3 | P.O. Box 5767
Santa Rosa, CA 95402-5767
4 | Telephone: (707) 542-5132
Facsimile: (707) 547-2212
5 |
6 | Attorneys for Plaintiff
WHITNEY BECK
7 |

8 |             SUPERIOR COURT OF CALIFORNIA

9 |          IN AND FOR THE COUNTY OF SONOMA

10 | WHITNEY BECK,                    Case No. SCV 242005

11 |              Plaintiff,          **COMPLAINT FOR DAMAGES**
                                     **(Statutory Violations-Discrimination,**
12 | v.                              **Sexual Harassment, Retaliation, Failure**
                                     **to Prevent Sexual Harassment, and**
13 | STARBUCKS CORPORATION,          **Tortious Termination in Violation of**
STARBUCKS CORPORATION, dba          **Public Policy)**
14 | STARBUCKS COFFEE COMPANY,
STARBUCKS COFFEE COMPANY,           UNLIMITED CIVIL
15 | CHRISTINA CARROLL, DOES 1 through
20, inclusive,
16 |
               Defendants.
17 | _____/

18 | Plaintiff WHITNEY BECK alleges:

19 |        **FACTS COMMON TO ALL CAUSES OF ACTION**

20 |       1.  At all times material to this complaint plaintiff WHITNEY BECK was an adult

21 | resident of Santa Rosa, Sonoma County, California.

22 |       2.  At all times material to this complaint, defendant STARBUCKS CORPORATION

23 | was a corporation doing business in the City of Santa Rosa, Sonoma County, California.

24 |       3.  At all times material to this complaint, defendant STARBUCKS CORPORATION,

25 | dba STARBUCKS COFFEE COMPANY, was a business entity, form unknown, doing business

26 | in the City of Santa Rosa, Sonoma County, California.

27 |       4.  At all times material to this complaint, defendant STARBUCKS COFFEE

28 | COMPANY was a business entity, form unknown doing business in the City of Santa Rosa,

**COMPLAINT FOR DAMAGES**                                          1

1  Sonoma County, California.

2      5. At all material times, defendant CHRISTINA CARROLL was a store manager in the

3  employ of defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

4  STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY, and DOES 1

5  through 20 who plaintiff is informed and believes and thereon alleges is a resident of Sonoma

6  County, California.

7      6. Defendants DOES 1 through 20 are sued under fictitious names pursuant to Code of

8  Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that

9  each defendant sued under such fictitious names is in some manner responsible for the wrongs

10  and damages as alleged below, and in so acting was functioning as the agent, servant, partner,

11  and employee of the co-defendants, and in doing the actions mentioned below was acting within

12  the course and scope of his or her authority as such agent, servant, partner, and employee with

13  the permission and consent of the co-defendants.

14      7. Each of the defendants was the agent, servant, or employee of the other defendants,

15  and each of them, and at all times herein alleged were acting withing the scope of their agency,

16  service or employment with the agreement and ratification of the other defendants, and each of

17  them.

18      8. Plaintiff was hired by defendants in July 2006 as a barista and assigned to Starbucks

19  store No. 8675, located on Cloverdale Boulevard, in the City of Cloverdale, Sonoma County,

20  California.

21      9. Beginning in approximately September 2006, through her termination on or about

22  December 13, 2006, plaintiff was sexually discriminated against, harassed, and subjected to a

23  sexually hostile work environment by the actions and comments of a co-worker by the name of

24  David Taha, and by defendant CHRISTINA CARROLL's harassment and retaliation against

25  plaintiff for complaining about the actions of co-worker David Taha.

26      10. During the period mentioned above, plaintiff was the victim of numerous

27  discriminatory and harassing actions and remarks made by co-worker David Taha on the basis of

28  her sex. These actions and remarks constituted an ongoing pattern of harassment, continued for

COMPLAINT FOR DAMAGES                                                    2

1  several weeks in the fall of 2006.

2      A. Co-worker David Taha began by leering and making comments on plaintiff's

3  appearance, such as "you have a nice smile, you should smile more," and 'you're pretty." He

4  would also intentionally touch plaintiff and brush up against her, especially in the drive-through

5  section of the store. Plaintiff felt uncomfortable and tried to discourage this behavior at the

6  workplace, by telling Mr. Taha that she had a boy friend and was not interested. Plaintif also

7  complained to the on-duty supervisor, who agreed to talk to David Taha.

8      B. Co-worker David Taha briefly stopped the behavior, but then began texting plaintiff

9  and calling her on her cell phone, despite plaintiff's protestations.

10      11. When Mr. Taha resumed the unwanted advances, plaintiff complained to defendant

11  CHRISTINA CARROLL; however, no immediate action was taken; instead defendant

12  CARROLL continued to schedule plaintiff during the same working hours with David Taha,

13  despite plaintiff's requests not to be scheduled on the same shift with Mr. Taha.

14      12, On October 23, 2006, plaintiff contacted the Standards of Business Conduct Helpline

15  and spoke with a representative of defendants, and each of them. A formal complaint was made.

16  However, no action was taken prior to plaintiff's termination. Plaintiff developed nervousness

17  and anxiety as a result of the inaction and lack of protection on the part of defendants, and each

18  of them.

19      13. On or about November 1, 2006, plaintiff provided defendant CARROLL a note,

20  stating that she would not be able to "close" on November 4, 2006, and out of concern for her

21  privacy further stated, "I think you know why." Plaintiff also submitted a Partner Information &

22  Availability Agreement Form to defendant CARROLL to assist defendant CARROLL in

23  scheduling plaintiff at times that David Taha did not work.

24      14. In response to plaintiff's November 4, 2006, note and Availability Agreement,

25  defendant CARROLL advised plaintiff by writing in at the bottom of plaintiff's note that

26  plaintiff would "need to see who can switch with you," again putting the burden on plaintiff to

27  deal with the harassment issue on her own. Defendant CARROLL continued to schedule

28  plaintiff on shifts that overlapped with that of co-worker David Taha.

COMPLAINT FOR DAMAGES                                                    3

1    15. Plaintiff began taking lunch at home to avoid being on the premises and coming into

2    contact with Mr. Taha on breaks. On occasion, plaintiff would be late by a only few minutes.

3    When confronted by defendant CARROLL regarding the tardiness, plaintiff tried to explain that

4    she was more comfortable taking lunch at home, which was only a few blocks away.

5    16. On November 25, 2006, defendant CARROLL issued a Corrective Action Form to

6    plaintiff, with a comment that plaintiff had on occasion during November 2006 returned from her

7    lunch break a few minutes late. At this point, no action had been taken with respect to plaintiff's

8    sexual harassment complaints by either defendant CARROLL or defendants STARBUCKS

9    CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

10   STARBUCKS COFFEE COMPANY, or DOES 1 through 20, or any of them.

11   17. On December 13, 2006, without ever having addressed the harassment issue

12   involving David Taha, defendants, and and each of them, through their managing agent

13   defendant CARROLL terminated plaintiff allegedly for time and attendance issues.

14   18. Defendants and each of them violated their own written policies set forth in the

15   *Starbucks Partner Guide*, set forth on page 20, by failing to conduct an "immediate, thorough

16   and objective investigation" into plaintiff's complaints about harassment.

17   19. On June 19, 2007, plaintiff filed Complaints with the California Department of Fair

18   Employment and Housing, naming defendant STARBUCKS CORPORATION, STARBUCKS

19   COFFEE COMPANY and CHRISTINA CARROLL. On July 9, 2007, the Department of Fair

20   Employment & Housing issued "right-to-sue" notices as to each said defendant.

21                    **FIRST CAUSE OF ACTION FIRST CAUSE OF ACTION**
                  (Statutory Violation Employment Discrimination in Violation of Gov. Code Section 12940(a)
22   As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
                  STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY,
23                               and DOES 1 through 20

24   20. The allegations set forth in Paragraphs 1 through 19 are realleged and incorporated

25   herein by reference.

26   21. At all times mentioned in this complaint. Government Code sections 12940 et seq.

27   were in full force and effect and were binding on defendants. These sections require defendants

28   STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE

COMPLAINT FOR DAMAGES                                                          4

1 COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 to refrain from

2 discriminating against and harassing any employee on the basis of sex, among other things.

3 Within the time provided by law, plaintiff filed a complaint with the California Department of

4 Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue

5 letter.

6     22. During the course of plaintiff's employment, defendants STARBUCKS

7 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

8 STARBUCKS COFFEE COMPANY, and DOES 1 through 20 created and allowed to exist a

9 sexually hostile environment and discriminated against and harassed plaintiff on the basis of

10 plaintiff's sex. Such discrimination and harassment was in violation of Government Code section

11 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to

12 plaintiff as alleged herein.

13     23. As a proximate result of defendants' STARBUCKS CORPORATION, STARBUCKS

14 CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE

15 COMPANY and DOES 1 through 20's conduct, plaintiff has suffered and continues to suffer

16 humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a

17 sum according to proof.

18     25. As a further proximate result of the conduct of defendants STARBUCKS

19 CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

20 STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and

21 future lost earnings and other employments benefits, all to her damage in a sum according to poof.

22     26. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

23 is presently unaware of the precise amount of these expenses and fees and prays leave of court to

24 amend this complaint when the amounts are more fully known.

25     WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

26                   **SECOND CAUSE OF ACTION**
(Violation of Government Code Section 12940(k))

27 As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY

28 and DOES 1 through 50

COMPLAINT FOR DAMAGES                       5

1    27. The allegations set forth in Paragraphs 1 through 26 above are realleged and

2    incorporated herein by reference.

3    28. At all times mentioned in this complaint, Government Code section 12940(k) was in

4    full force and effect and was binding on defendants STARBUCKS CORPORATION,

5    STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS

6    COFFEE COMPANY and DOES 1 through 20. This subsection requires defendants to take all

7    reasonable steps necessary to prevent discrimination and harassment from occurring. As alleged

8    above, defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

9    STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY, CHRISTINA

10   CARROLL and DOES 1 through 20, violated this subsection by failing to take all reasonable

11   steps necessary to prevent discrimination and harassment from occurring. Within the time

12   provided by law, plaintiff filed a Complaint with the California Department of Fair Employment

13   and Housing and received a right-to-sue letter.

14   29. As a proximate result of defendants' conduct, plaintiff has suffered and continues to

15   suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her

16   damage in a sum according to proof.

17   30. As a further proximate result of the conduct of defendants STARBUCKS

18   CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

19   STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and

20   future lost earnings and other employments benefits, all to her damage in a sum according to poof.

21   31. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

22   is presently unaware of the precise amount of these expenses and fees and prays leave of court to

23   amend this complaint when the amounts are more fully known.

24   WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

25   **THIRD CAUSE OF ACTION**
     (Sexual Harassment in Violation of Gov. Code Section 12940(j)(1))

26   As to defendants  STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
     STARBUCKS COFFEE COMPANY,  STARBUCKS COFFEE COMPANY

27   and DOES 1 through 20

28   32. The allegations set forth in Paragraphs 1 through 31 above are realleged and

COMPLAINT FOR DAMAGES                                                          6

1    incorporated herein by reference.

2        33. Gov. Code Section 12940(j)(1) states in pertinent part that "It shall be an unlawful

3    employment practice..."...For an employer...or any other person... to harass an

4    employee....because of....sex... Harassment of an employee...shall be unlawful if the entity, or its

5    agents or supervisors, knows or should have known of this conduct and fails to take immediate

6    and appropriate corrective action...".

7        34. As more fully set forth above, defendants' employee and plaintiff's co-worker, David

8    Taha, conducted a campaign of harassment against plaintiff because of her sex. As also alleged

9    above defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

10    STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

11    through 20 were fully aware of this sexual harassment and failed to take corrective action, as

12    alleged above

13        35. As a proximate result of David Taha's harassment of plaintiff, of which defendants

14    STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE

15    COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 were fully aware

16    and failed to take corrective action, as alleged above, plaintiff has been harmed in that plaintiff

17    has suffered the loss of the wages, benefits, and additional amounts of money plaintiff would have

18    received if plaintiff had not been terminated from her job due to the events and circumstances

19    occasioned by David Taha's harassment. As a result of such harassment and consequent harm,

20    plaintiff has suffered such damages in an amount according to proof.

21        36. As a further proximate result of David Taha's harassment of plaintiff, as alleged

22    above, of which defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION,

23    dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

24    through 20 were fully aware and failed to take corrective action, plaintiff have been harmed in that

25    plaintiff has suffered the past and future loss of earnings, and intangible loss of

26    employment-related opportunities. As a result of such harassment and consequent harm, plaintiff

27    has suffered such damages in an amount according to proof.

28        37. As a further proximate result of David Taha's harassment of the plaintiff, as alleged

1 | above, of which defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION,

2 | dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

3 | through 20 were fully aware and failed to take corrective action, plaintiff has been harmed in that

4 | plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has

5 | been injured in mind and body. As a result of such harassment and consequent harm, plaintiff has

6 | suffered such damages in an amount according to proof.

7 |     38. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

8 | is presently unaware of the precise amount of these expenses and fees and prays leave of court to

9 | amend this complaint when the amounts are more fully known.

10 |     WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

11 | **FOURTH CAUSE OF ACTION**
(Retaliation in Violation of Gov. Code Section 12940(h))

12 | As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY,

13 | CHRISTINA CARROLL, DOES 1 through 20

14 |     39. The allegations set forth in Paragraphs 1 through 38 above are realleged and

15 | incorporated herein by reference.

16 |     39. Gov. Code Section 12940(h) states in pertinent part that " "It shall be an unlawful

17 | employment practice..."'"For any employer...or person to discharge, expel, or otherwise

18 | discriminate against any person because the person has opposed any practices forbidden under

19 | this part...".

20 |     40. As stated above plaintiff repeatedly complained to defendants about David Taha's

21 | sexual harassment. Plaintiff also followed company procedures regarding this harassment

22 | including, *inter alia,* , reporting to her immediate supervisor, reporting to the Store Manager,

23 | defendant CHRISTINA CARROLL. the use of the Standards of Business Conduct Helpline and

24 | spoke with a representative of defendants, and each of them. A formal complaint was made.

25 | Despite the fact plaintiff complied with company procedures the defendants, and each of them,

26 | failed to conduct an "immediate, thorough and objective investigation" into plaintiff's complaints

27 | about harassment as required by the *Starbucks Partner Guide*. As a result of this failure plaintiff

28 | began taking lunch at home to avoid being on the premises and coming into contact with Mr.

COMPLAINT FOR DAMAGES         8

1    Taha on breaks. On occasion, plaintiff would be late by a only few minutes. When confronted by
2    defendant CARROLL regarding the tardiness, plaintiff tried to explain that she was more
3    comfortable taking lunch at home, which was only a few blocks away. Instead of addressing
4    plaintiff's complaints, and without ever having addressed the harassment issue involving David
5    Taha, defendant CARROLL and defendants STARBUCKS CORPORATION, STARBUCKS
6    CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE
7    COMPANY terminated plaintiff allegedly for time and attendance issues on or about December
8    13, 2006.

9        41. Plaintiff is informed and believes and thereon alleges that defendant CARROLL and
10    defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
11    STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY reason for
12    terminating plaintiff's employment (for time and attendance issues) was a pretext. Plaintiff further
13.    alleges that the real reason she was terminated was in retaliation for her complaints about David
14    Tahä's sexual harassment since the time and attendance issues were a direct result of the failure of
15    defendants and each of them to prevent Taha's harassment.

16        42. As result of defendants and each them's retaliation plaintiff has been harmed in that
17    plaintiff has suffered the loss of the wages, benefits, and additional amounts of money plaintiff
18    would have received if plaintiff had not been terminated from her job due to the events and
19    circumstances occasioned by David Taha's harassment. As a result of such harassment and
20    consequent harm, plaintiff has suffered such damages in an amount according to proof.

21        43 As a further proximate result of defendants and each of them's retaliation plaintiff has
22    been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical
23    distress, and has been injured in mind and body. As a result of such harassment and consequent
24    harm, plaintiff has suffered such damages in an amount according to proof.

25        44. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff
26    is presently unaware of the precise amount of these expenses and fees and prays leave of court to
27    amend this complaint when the amounts are more fully known.

28        WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

COMPLAINT FOR DAMAGES                                                                    9

**FIFTH CAUSE OF ACTION**
(Wrongful Termianton in Violation of Public Policy)
As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba
STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY
and DOES 1 through 20

45. The allegations set forth in Paragraphs 1 through 44 above are realleged and incorporated herein by reference.

46. As stated above, plaintiff is informed and believes and thereon alleges that defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 terminated her employment because of her complaints about David Taha's sexual harassment and in retaliation for said complaints.

47. Plaintiff is informed and believes and thereon alleges that defendant STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 termination of her employment constituted unlawful discrimination in employment in violation of Government Code Section 12940(a). This statute sets forth a well recognized public policy of the State of California against employment discrimination

48. As a proximate result of defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 conduct as described above, and in violation of public policy as set forth in Paragraph 48, above, defendant terminated plaintiff's employment on or about December 13, 2006.

49. As a proximate result of defendant STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1 through 20 conduct, plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental anguish, all to her damage in an amount according to proof.

50. As a further proximate result of the conduct of defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY,

**COMPLAINT FOR DAMAGES**                                                    10

1  STARBUCKS COFFEE COMPANY and DOES 1 through 20's, plaintiff has incurred past and

2  future lost earnings and other employments benefits, all to her damage in a sum according to poof.

3      WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

4  **SIXTH CAUSE OF ACTION**<br>(Ratification)

5  As to defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba<br>STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY

6  and DOES 1 through 20

7      51. Plaintiff realleges and incorporates by reference each and every allegation set forth in

8  Paragraphs 1 through 50, as though fully set forth herein.

9      52. As alleged above defendants As to defendants STARBUCKS CORPORATION,

10  STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS

11  COFFEE COMPANY and DOES 1 through 20 knew or should have known David Taha's

12  campaign of harassment against the plaintiff. Plaintiff is informed and believes and thereon

13  alleges that defendants STARBUCKS CORPORATION, STARBUCKS CORPORATION, dba

14  STARBUCKS COFFEE COMPANY, STARBUCKS COFFEE COMPANY and DOES 1

15  through 20 , by and through their supervisors, managers and other agents failed to criticize,

16  censure, terminate, suspend, or otherwise sanction or take any action against David Taha, thereby

17  ratifying the conduct of David Taha. The acts of defendants STARBUCKS CORPORATION,

18  STARBUCKS CORPORATION, dba STARBUCKS COFFEE COMPANY, STARBUCKS

19  COFFEE COMPANY and DOES 1 through 20 CALIFORNIA DEPARTMENT OF

20  VETERANS AFFAIRS and POST FUND ENTERPRISES alleged above were willful, wanton,

21  malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

22      WHEREFORE, plaintiff prays judgment as hereinafter set forth.

23  **DEMAND FOR JURY TRIAL**

24      Plaintiff hereby demands a jury trial.

25  **PRAYER FOR RELIEF**

26      WHEREFORE plaintiffs pray judgment against defendants as follows:

27      1. For back pay, front pay, and other monetary relief according to proof;

28      2. For general damages according to proof;

**COMPLAINT FOR DAMAGES**                                              11

3. For special damages according to proof.

4. For punitive damages in an amount appropriate to punish the defendants for their wrongful conduct and set an example for others;

5. For interest on the sum of damages awarded, calculated from the date of their terminations, to the date of judgment;

6. For reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code Section 12965(b);

7. For costs of suit herein incurred; and

8. For all other and further relief the Court deems just and proper

Dated: December 13, 2007

KNEISLER, SCHONDEL & HUBBS

By: _____
E. Denise Schissler, Esq.
Attorney for Plaintiff
WHITNEY BECK

**COMPLAINT FOR DAMAGES**

12

 

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br>~~ENDORSED~~<br>~~FILED~~<br>DEC 13 2007<br>SUPERIOR COURT<br>OF CALIFORNIA<br>COUNTY OF SONOMA |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE**<br>☐ Collections (see footnote)* | Case number:<br>SCV 242005 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____ Elaine Rushing _____ **FOR ALL PURPOSES.**
   Pursuant to Califomia Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

   | Date: APR 17 2008 | Time: 8:30am | Courtroom: 19 |
   |---|---|---|
   | Location: 1450 Guerneville Road<br>Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

* **Telephone appearances are not allowed.**  Case Management Conferences in Collections cases incorporate a settlement conference.  Counsel/parties *with settlement authority* are required to appear in person.

 

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ADR INFORMATION SHEET** <br> [Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date: <br> Time: <br> Location: <br> Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties employ on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐  Mediation                                            ☐  Early Neutral Evaluation

☐  Non-binding Private Arbitration              ☐  Binding Private Arbitration

☐  Voluntary Settlement Conference           ☐  Summary Jury Trial

☐  Other _____        ☐  Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____        _____
                                                                         Signature of Party

Date: _____        _____
                                                                         Signature of Party

Date: _____        _____
                                                                     Signature of Attorney for Party
                                                 ☐  Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

 

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION** | CASE NUMBER: |
|---|---|
| (Check one):    ☐  **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐  **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐  Mediation                                              ☐  Non-binding Private Arbitration
☐  Binding Private Arbitration                     ☐  Private Settlement Conference
☐  Early Neutral Evaluation                        ☐  Judicial Arbitration

The ADR process will be conducted by  (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____    Fax: _____    E-mail address: _____
☐ No agreement

The ADR process will be conducted on (date): _____
☐ No agreement

☐   The parties have reached agreement as to the payment of fees of ADR provider.
☐   The parties have not reached agreement as to the payment of fees of ADR provider.

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or party without attorney (Sign in blue ink)

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or party without attorney (Sign in blue ink)

☐   Additional signatures are attached

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## ORDER

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____     _____
              Date                                    Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should appear. You must check the phone message at _____or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

_____     _____
              Date                                    JUDGE OF THE SUPERIOR COURT

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:    Time:    Dept.:    Div.:    Room:

Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request   ☐  a jury trial   ☐  a nonjury trial     *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☐  by the attorney or party listed in the caption   ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel   ☐  has   ☐  has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate . will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

   Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____   ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer, as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                    FAX No.: | |
| ATTORNEY FOR (Name):              Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA 95403<br>Telephone: (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

## NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
### (Sonoma County Superior Court Local Rule 16)

Name of Mediator Selected: _____

PLEASE TAKE NOTICE that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. PLEASE NOTE: you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860. The form is available at the web site of the California Courts www.courtinfo.ca.gov.

If you are not a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice *with your original signature* with the Court not less than five days before commencement of the mediation. Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 565-7059.

If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 565-7000 or ADR@sonomacourt.org.

### MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
(print name)

the conditions stated in this notice.


Dated: _____          _____
                                                              (Mediator's Signature)

1  Robert C. Hubbs, Esq. (SBN 145641)
   E. Denise Schissler, Esq. (SBN 193757)
2  KNEISLER, SCHONDEL & HUBBS
   538 Mendocino Avenue
3  P.O. Box 5767
   Santa Rosa, CA 95402-5767
4  Telephone: (707) 542-5132
   Facsimile: (707) 547-2212
5
6  Attorneys for Plaintiff
   WHITNEY BECK
7
8              SUPERIOR COURT OF CALIFORNIA
9             IN AND FOR THE COUNTY OF SONOMA
10 WHITNEY BECK,                       Case No. 242005
11         Plaintiff,          NOTICE OF CONTINUED CASE
                               MANAGEMENT CONFERENCE
12 v.
                               UNLIMITED CIVIL
13 STARBUCKS CORPORATION, et al.,
14         Defendants.
                                    /
15
16 TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:
17     PLEASE TAKE NOTICE that the Case Management Conference in the above-captioned
18 matter has been continued to May 29, 2008, at 8:30 a.m., in Department 19, of the above-entitled
19 Court, located at 1450 Guerneville Road, Santa Rosa, CA 95403.  The partes are required to file
20 Case Management Conference Statements 15 calendar days prior to the Case Management
21 Conference.
22 DATED: April 24, 2008              KNEISLER, SCHONDEL & HUBBS
23
24                                    By
                                         E. DENISE SCHISSLER
25                                       Attorneys for Plaintiff
26
27
28

Notice of Continued Case Management Conference                              1



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

VR1 / ALL
Transmittal Number: 5776928
Date Processed: 05/13/2008

| | |
|---|---|
| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number 0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Whitney Beck vs. Starbucks Corporation |
| Document(s) Type: | Notice |
| Nature of Action: | Labor / Employment |
| Court: | Sonoma Superior Court, California |
| Case Number: | SCV 242005 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/13/2008 |
| Answer or Appearance Due: | 05/29/2008 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Robert C. Hubbs<br>707-542-5132 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

LDD / ALL
Transmittal Number: 5777131
Date Processed: 05/13/2008

| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |
|---|---|

| Entity: | Starbucks Coffee Company<br>Entity ID Number 0178010 |
|---|---|
| Entity Served: | Starbucks Corporation, dba Starbucks Coffee Company |
| Title of Action: | Whitney Beck vs. Starbucks Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | Sonoma Superior Court, California |
| Case Number: | SCV 242005 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/13/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | E. Denise Schissler<br>707-542-5132 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

ENDORSED
FILED

JUN 11 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, California 94111
4   Tel: (415) 344-7000
    Fax: (415) 344-7050
5
6   Attorneys for Defendants
    STARBUCKS CORPORATION, STARBUCKS
    CORPORATION dba STARBUCKS COFFEE COMPANY,
7   and STARBUCKS COFFEE COMPANY

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         COUNTY OF SONOMA

10

11   WHITNEY BECK,                         Case No. SCV 242005

12              Plaintiff,                 DEFENDANTS STARBUCKS
                                           CORPORATION, STARBUCKS
13        v.                               CORPORATION dba STARBUCKS
                                           COFFEE COMPANY,
14   STARBUCKS CORPORATION;                and STARBUCKS COFFEE
     STARBUCKS CORPORATION, dba            COMPANY'S ANSWER TO
15   STARBUCKS COFFEE COMPANY;             UNVERIFIED COMPLAINT
     STARBUCKS COFFEE COMPANY;
16   CHRISTINA CARROLL; DOES 1 through
     20, inclusive,
17                                                   BY FAX
18              Defendants.

     _Starbucks Corporation_ "ERRONEOUSLY SUED AS"
19        Defendants Starbucks Corporation, Starbucks Corporation dba Starbucks Coffee

20   Company, and Starbucks Coffee Company (collectively, "Starbucks") – erroneously sued in

21   triplicate – for themselves alone and for no other defendant, answer plaintiff Whitney Beck's

22   unverified Complaint for Damages ("Complaint") as follows:

23        Pursuant to Section 431.30 of the California Code of Civil Procedure, defendants

24   generally deny each and every allegation contained in the Complaint, and the whole thereof, and

25   further deny that plaintiff was damaged in the manner or sum alleged, or in any other manner or

26   sum whatsoever.

27

28

ANSWER TO COMPLAINT
Case No. SCV 242005

EXHIBIT B

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all causes of action purported to be set forth against it in the Complaint, defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each purported cause of action alleged therein, fails to state a claim against Starbucks upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint, and each purported cause of action alleged therein, fails because the pleading is uncertain.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's employment was terminable at the will of either plaintiff or Starbucks under California Labor Code section 2922.

### FOURTH AFFIRMATIVE DEFENSE

4.    Starbucks is informed and believes that plaintiff's claims are barred by the applicable statutes of limitations, including California Code of Civil Procedure section 340(3) and California Government Code sections 12940 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

5.    The Court lacks subject matter jurisdiction over all claims asserted under the California Fair Employment and Housing Act, California Government Code §§ 12900 *et seq.*, in that plaintiff has failed to satisfy the jurisdictional prerequisites for commencing a suit under the Act.

### SIXTH AFFIRMATIVE DEFENSE

6.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The Complaint, and each purported cause of action alleged therein, is barred by virtue of plaintiff's unclean hands and inequitable conduct.

- 2 -

## EIGHTH AFFIRMATIVE DEFENSE

8.    Starbucks alleges that all actions with regard to plaintiff were taken for legitimate and non-discriminatory reasons, were based on reasonable factors other than plaintiff's gender, and were a just and proper exercise of management discretion undertaken for a fair and honest reason, not prohibited by statute.

## NINTH AFFIRMATIVE DEFENSE

9.    To the extent Starbucks took any of the actions alleged in the Complaint, and to the extent that such actions are attributable to the management of Starbucks, those actions were the true and privileged acts of management taken in good faith for lawful business reasons and were not arbitrary or capricious.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred because, to the extent Starbucks engaged in any of the conduct alleged in the Complaint, such conduct was applicable alike to all persons.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    At all times pertinent to this action, Starbucks had a written policy against unlawful discrimination and harassment which provided for a procedure for employees to lodge Complaints of unlawful discrimination or harassment and provided for prompt and thorough investigation of any such Complaints. Plaintiff failed to utilize Starbucks policy. As such, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages constituting the avoidable consequences of plaintiff's failure to utilize Starbucks internal policy against unlawful discrimination and harassment.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's causes of action are barred, and any recovery of damages precluded, because Starbucks exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, or retaliatory behavior in that it had an equal employment opportunity policy, an anti-discrimination policy, and an anti-harassment policy which were communicated to all employees and strictly enforced.

- 3 -

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Starbucks alleges that plaintiff's harassment cause of action is barred because defendants' alleged misconduct was not severe or pervasive.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    If Starbucks employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Starbucks, and thus Starbucks is not liable for such acts.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff failed to adequately fulfill her responsibilities as an employee of Starbucks pursuant to California Labor Code sections 2850 through 2866.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence, or alternatively, the doctrine of after-acquired evidence limits and reduces plaintiff's alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Any loss, injury, or damage purportedly incurred by plaintiff was proximately caused by acts or omissions of persons who Starbucks neither controlled nor had the right to control, and was not proximately caused by any act, omission, or other conduct by Starbucks.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    If Starbucks did wrongfully discharge and/or retaliate against plaintiff or commit any of the alleged wrongdoing, although such is not admitted hereby or herein, plaintiff had a duty to mitigate damages by promptly seeking employment elsewhere. By the exercise of reasonable effort, plaintiff could have obtained employment elsewhere of substantially similar character promptly following Starbucks alleged wrongful termination, but plaintiff failed and refused to exercise such effort and refused to accept such employment elsewhere.

- 4 -

### NINETEENTH AFFIRMATIVE DEFENSE

19.    If Starbucks did subject plaintiff to any wrongful or unlawful conduct resulting in mental, physical, or emotional harm, although such is not admitted hereby, plaintiff had a duty to exercise reasonable effort to mitigate any damages plaintiff may have suffered by seeking medical and psychological treatment and plaintiff has failed to do so.  Accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages that would otherwise have been mitigated.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    To the extent that the Complaint or any purported cause of action alleged therein alleges emotional and/or physical injury, any recovery therefore is barred because plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act. *See* California Labor Code §§ 3601-02.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff is barred from any recovery against Starbucks because the damages and injuries, if any, of which plaintiff complains, were solely and proximately caused by the negligent or wrongful acts of plaintiff or her agents.  In the event, however, that a finding is made that Starbucks committed any negligent or wrongful acts and further that such negligent or wrongful acts contributed to Plaintiff's injuries or damages, if any, then plaintiff's recovery, if any, should be reduced on the basis of plaintiff's agents comparative fault that contributed to the alleged injuries or damages or claims upon which plaintiff seeks recovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    If plaintiff suffered or sustained any loss, damage, or injury at or about the time and place alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any risk there was, was knowingly assumed and consented to by plaintiff.

- 5 -

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2        23.    Plaintiff's causes of action, and each of them, do not state facts sufficient to

3    enable plaintiff to recover exemplary or punitive damages.

4

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5        24.    Starbucks liability, if any, for the non-economic (special) damages claimed by

6    plaintiff is limited by Civil Code section 1431.1 *et seq.*

7

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

8        25.    The Complaint as a whole, and each purported cause of action alleged therein, is

9    barred in whole or in part and/or recovery is precluded because Starbucks conduct was not

10   willful.

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12       26.    Plaintiff's causes of action are "frivolous, unreasonable, or groundless" within the

13   meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly,

14   Starbucks should recover all costs and attorneys' fees incurred herein under California Code of

15   Civil Procedure § 128.5.

16       Because Starbucks investigation is ongoing, it reserves the right to assert additional

17   defenses, if and to the extent it becomes aware of such defenses.

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT
Case No. SCV 242005

1    WHEREFORE, defendants pray for relief as follows:

2    a.    Plaintiff take nothing by her Complaint;

3    b.    That judgment be entered in favor of defendants;

4    c.    That defendants recover their costs and expenses incurred herein, including

5    reasonable attorneys' fees; and

6    d.    For such other and further relief as the Court deems just and equitable.

7

8    DATED:  June 11, 2008                    PERKINS COIE LLP

9                                             By: _____

10                                                David R. Burtt

11                                           Attorneys for Defendants
                                             STARBUCKS CORPORATION, STARBUCKS
12                                           CORPORATION dba STARBUCKS COFFEE
                                             COMPANY, and STARBUCKS COFFEE
13                                           COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT
Case No. SCV 242005

1

## PROOF OF SERVICE

2      I, Sheila M. Merrill, declare:

3      I am a citizen of the United States and employed in San Francisco County, California. I

4  am over the age of eighteen years and not a party to the within-entitled action. My business

5  address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. On

6  June 11, 2008, I served a copy of the within document(s):

7         **DEFENDANT STARBUCKS CORPORATION, STARBUCKS**
          **CORPORATION dba STARBUCKS COFFEE COMPANY,**
8         **and STARBUCKS COFFEE COMPANY'S ANSWER TO**
                        **UNVERIFIED COMPLAINT**
9

10  ☒   by transmitting via facsimile the document(s) listed above to the fax number(s) set
          forth below on this date before 5:00 p.m.

11  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
12        fully prepaid, the United States mail at San Francisco, California addressed as set
          forth below.
13

14  ☐   by placing the document(s) listed above in a sealed _____ envelope and
          affixing a pre-paid air bill, and causing the envelope to be delivered to a
15        _____ agent for delivery.

16  ☐   by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.
17

18  Robert C. Hubbs, Esq.                    *Attorneys for Plaintiff*
    E. Denise Schissler, Esq.                *Whitney Beck*
19  KNEISLER, SCHONDEL & HUBBS
    538 Mendocino Avenue
20  P.O. Box 5767
    Santa Rosa, CA  95402-5767
21  Phone: (707) 542-5132
    Fax: (707) 547-2212
22

23      I am readily familiar with the firm's practice of collection and processing correspondence

24  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

25  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

26  motion of the party served, service is presumed invalid if postal cancellation date or postage

27  meter date is more than one day after date of deposit for mailing in affidavit.

28

PROOF OF SERVICE

1        I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3        Executed on June 11, 2008, at San Francisco, California.

4

5

6    Sheila M. Merrill

18177-0198/LEGAL14368173.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

18177-0198/LEGAL14368173.1

**From:** Denise Schissler [mailto:edsesq@injuredworkerlaw.com]
**Sent:** Monday, June 09, 2008 8:19 AM
**To:** Burtt, David (Perkins Coie)
**Subject:** RE: Beck v. Starbucks
**Importance:** High

Dave:

Sounds like both of our schedules are busy. I haven't connected with my client, mostly due to my being out of the office a lot lately. However, I will try to get her in for a consult this week. In the meantime, I will stipulate to dismiss Christina Carroll. Please forward a formal Stipulation for my review and signature. In the meantime, I will grant an open extension to respond on her behalf. If you need more time to respond on behalf of Starbucks, let me know. A brief extension will not be a problem.

I will get in touch with you this week about my discussions with Whitney. Thank you for your continued professionalism

E. Denise Schissler
KNEISLER, SCHONDEL & HUBBS
Tel (707) 542-5132
Fax. (707) 547-2212

**From:** Burtt, David (Perkins Coie) [mailto:DBurtt@perkinscoie.com]
**Sent:** Sunday, June 08, 2008 11:43 AM
**To:** Denise Schissler
**Cc:** Merrill, Sheila (Perkins Coie); Koo, Jonmi (Perkins Coie)
**Subject:** Beck v. Starbucks

Denise -

Can you give me a call early this week when you have a minute? I wanted to see if you'd had the chance to catch up with Whitney to discuss settlement after you and I had kicked around some terms a few weeks ago.

With the complaint served on 5/13, Starbucks response is due on Thursday (5/12). If we're not making any settlement progress by then, I'd ask that you please file a dismissal w/ prejudice as to Christina Carroll by no later than Wednesday since the recent CA Supreme Court decision in *Torrey Pines* precludes individual liability on FEHA retaliation claims (and that's the only claim pled against Ms. Carroll). Otherwise, defendants will have to file a demurrer to remove Ms. Carroll from the case which seems wasteful given the state of law.

I'm traveling quite a bit this week so easiest way to reach me is on the cell @ 650-544-8090.

Thanks in advance-
DRB

David R. Burtt | Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111

**EXHIBIT C**

(415) 344-7036 - SF direct
(503) 727-2071 - PDX direct
(415) 344-7236 - fax

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| E. Denise Schissler (SBN# 193757)<br>KNEISLER, SCHONDEL & HUBBS<br>538 Mendocino Avenue<br>Santa Rosa, CA 95401 | (707) 542-5132<br>FAX NO.:<br>(707) 547-2212 | |

ATTORNEY FOR (name): Whitney Beck, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95401
BRANCH NAME:

PLAINTIFF: WHITNEY BECK
DEFENDANT: STARBUCKS CORPORATION, et al

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>SCV 242005 |
|---|---|

To (name of one defendant only): STARBUCKS CORPORATION
Plaintiff (name of one plaintiff only): WHITNEY BECK
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience ................................................. | $ | 500,000.00 |
| b. [X] Emotional distress. ..................................................................... | $ | UNKNOWN |
| c. [ ] Loss of consortium ...................................................................... | $ | |
| d. [ ] Loss of society and companionship (wrongful death actions only) ......... | $ | |
| e. [ ] Other (specify) | $ | |
| f. [ ] Other (specify) | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [ ] Medical expenses (to date) ........................................................... | $ | |
| b. [ ] Future medical expenses (present value) ......................................... | $ | |
| c. [X] Loss of earnings (to date) ............................................................ | $ | UNKNOWN |
| d. [X] Loss of future earning capacity (present value) ................................ | $ | UNKNOWN |
| e. [ ] Property damage ......................................................................... | $ | |
| f. [ ] Funeral expenses (wrongful death actions only) ................................ | $ | |
| g. [ ] Future contributions (present value) (wrongful death actions only) ...... | $ | |
| h. [ ] Value of personal service, advice, or training (wrongful death actions only) ... | $ | |
| i. [X] Other (specify)  Front pay, back pay, wages, interest, penalties | $ | UNKNOWN |
| j. [X] Other (specify)  Other monetary relief according to proof | $ | UNKNOWN |
| k. [ ] Continued on Attachment 2.k. | | |
| **3. [X] Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ | | 500,000.00 |
| when pursuing a judgment in the suit filed against you. | | |

Date: January 21, 2008

E. Denise Schissler
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

EXHIBIT D

1   DAVID R. ONGARO, State Bar No. 154698
    dongaro@perkinscoie.com
2   DAVID R. BURTT, State Bar No. 201220
    dburtt@perkinscoie.com
3   JONMI N. KOO, State Bar No. 233136
    jkoo@perkinscoie.com
4   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
5   San Francisco, CA  94111-4131
    Telephone:  (415) 344-7000
6   Facsimile:  (415) 344-7050

7   Attorneys for Defendant
    STARBUCKS CORPORATION

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13   WHITNEY BECK,                          Case No.

14              Plaintiff,                  **CERTIFICATION OF INTERESTED
                                            ENTITIES OR PERSONS**
15        v.
                                            (N.D. Cal. Local Rule 3-16)
16   STARBUCKS CORPORATION, a Washington
17   corporation; CHRISTINA CARROLL, an
     individual; and DOES 1 through 20, inclusive,
18
19              Defendants.

20

21   TO THE COURT AND ALL PARTIES APPEARING OF RECORD:

22        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

23   named parties, there is no such interst to report.

24   DATED:  June 12, 2008          **PERKINS COIE LLP**

25

26                                  By: _____
                                         Jonmi N. Koo
27
                                    Attorneys for Defendant
28   18177-0198/LEGAL14372844.1     STARBUCKS CORPORATION

---

✎ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Beck, Whitney

## DEFENDANTS
Starbucks Corporation

(b) County of Residence of First Listed Plaintiff   Sonoma
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kneisler, Schondel & Hubbs
538 Mendocino Avenue, P.O. Box 5767
Santa Rosa, CA 95402
(707) 542-5132

Attorneys (If Known)

David R. Ongaro, SBN 154698, David R. Burtt, SBN, 201220,
Jonmi N. Koo, SBN, 233136
Perkins Coie LLP, Four Embarcadero Center, Suite 2400
San Francisco, CA 94111 (415) 344-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination |
| | Employment | ☐ 550 Civil Rights | **IMMIGRATION** | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | to Justice |
| | Other | | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):      $75,000
28 U.S.C. Sections 1332 & 1441(b); Plaintiff & Defendant are citizens of different states; the amount in controversy exceeds
Brief description of cause:
Sex discrimination; sexual harassment; retaliation; failure to prevent sexual harassment, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,000,000    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 6/12/08

SIGNATURE OF ATTORNEY OF RECORD
*Jonmi Koo*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WHITNEY BECK,

                Plaintiff (s),

        v.

STARBUCKS CORPORATION,
                Defendant(s).

E-filing

No. C 08-02930 MEJ

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/12/2008 | Notice of removal filed | |
| 8/28/2008 | Last day to: <br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

**EXHIBIT 2**

| 9/11/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 9/18/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

# Case Management Standing Order
## Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Brenda Tolbert, Courtroom Deputy (415) 522-4708

1.  Civil Law & Motion is heard on Thursdays at 10:00 a.m. Counsel need not reserve a hearing date for civil matters, but should confirm Judge James' availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov. Motions are governed by the Civil Local Rules and the Federal Rules of Civil Procedure. Motions for summary judgment shall be accompanied by a joint statement of undisputed facts in compliance with Civil L. R. 56-2(b).

2.  Criminal motions are scheduled with the courtroom deputy for any Thursday at 10:00 a.m. when the judge is available, or during the regular criminal calendar while Judge James is on criminal duty. Motions are governed by the Federal Rules of Criminal Procedure and the Criminal Local Rules.

3.  Discovery disputes are governed by Judge James' discovery standing order, enclosed herewith and available on the Court's website.

4.  Counsel shall meet and confer prior to the Case Management Conference and file a Joint Case Management Conference Statement no later than seven days prior to the c.m.c. The statement shall address the information contained in the Joint Case Management Statement and [proposed] Case Management Order form, enclosed herewith and available on the Court's website.

5.  At least seven days prior to the c.m.c., each party shall file the magistrate jurisdiction consent/declination form, enclosed herewith and available on the Court's website. In the event that any defendant(s) files a motion to dismiss, defendant(s) shall file the consent/request form at the time the motion is filed and plaintiff(s) shall file the consent/declination form fourteen days thereafter, at the time the opposition is due.

6.  In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

Dated: May 31, 2006

_____
Maria-Elena James
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES**

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. <u>All parties and counsel are required to follow these procedures.</u>

1.      Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2.      The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3.      <u>The Court will not consider a formal motion to compel under Civil Local Rule 7.</u> Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

1

1  five pages and may not be accompanied by exhibits or affidavits other than exact copies of
2  disputed interrogatories, requests for production of documents and/or responses, privilege logs,
3  and relevant deposition testimony. The parties need not state all disputes in one letter; rather, it
4  is preferable that the parties file a separate letter for each dispute.

5  4.    In the event that counsel is unable to meet and confer with a party or opposing counsel
6  as directed above, counsel shall file a written request for a telephonic conference for the
7  purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an
8  alternative procedure which satisfies the meet and confer requirement. Counsel's written
9  request shall state (1) three agreed upon prospective times and dates for the telephonic
10  discovery conference to take place, (2) the anticipated length of the conference, and (3) the
11  phone numbers at which counsel shall be contacted on the day of the conference. A copy of the
12  written request shall be served on opposing counsel and verification of said service shall be
13  filed with the request. Additionally, counsel shall file a declaration which states any attempt to
14  meet and confer and the reasons for the inability to comply with this standing order. Counsel
15  may attach exhibits to support the declaration, but the declaration and exhibits combined may
16  not exceed seven pages. The Court will not excuse a party from the requisite in-person meeting
17  unless good cause is shown.

18  5.    In the event that the parties are participating in a deposition or a site inspection and a
19  discovery dispute arises regarding the deposition and/or site inspection, the parties may contact
20  Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge
21  James is available to resolve the parties' impending dispute telephonically. In the event that
22  Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy
23  for any reason, the parties shall proceed follow the procedures for requesting a telephonic
24  conference as set forth in paragraph 4 above. The deposition or site inspection shall
25  nevertheless proceed with objections noted for the record.

26  6.    In the event that a matter is to be taken off calender, or continued to a further date, a

27

28
                                          2

written stipulation signed by the parties shall be filed with the Court for approval.

7.    Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the Court *ex parte* without prior notice to the opposing party. Further, all communications or questions to the Court shall be presented to the Court in writing and shall be properly filed. Parties must certify to the Court that all parties were served a copy of the written communication. Unless expressly requested by the Court, documents should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of Court.

8.    Parties shall not mail or fax to the Court copies of correspondence from a party regarding any dispute pending before the Court.

9.    Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local Rules 7 and 37-3. Any party seeking an award of attorney's fees or other expenses in connection with a motion shall file a declaration with the opposition or reply memorandum which itemizes with particularity the fees and expenses claimed.

10.    In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day after filing. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: May 31, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3

**NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND
ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM**

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

**IT IS SO ORDERED.**

Date:  May 31, 2006

_____

Maria-Elena James
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C _____ MEJ

Plaintiff(s),

**CONSENT TO ASSIGNMENT OR
REQUEST FOR REASSIGNMENT**

vs.

Defendant(s).

_____/

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby

consents to have a United States Magistrate Judge conduct any and all further proceedings in this

case, including trial, and order the entry of final judgment, and voluntarily waives the right to

proceed before a United States District Judge.

Dated:_____        Signed by: _____

Counsel for:_____

**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____        Signed by: _____

Counsel for: _____

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# PUBLIC NOTICE

## MAGISTRATE JUDGE

### U.S. DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

The current term of office of United States Magistrate Judge Richard Seeborg is due to expire on February 8, 2009. The United States District Court is required by law to establish a panel of citizens to consider the reappointment of the magistrate judge to a new 8-year term.

The duties of the magistrate judge position include the following: 1) conduct of most preliminary proceedings in criminal cases; 2) trial and disposition of misdemeanor cases; 3) conduct of various pretrial matters and evidentiary proceedings on delegation from the judges of the district court; 4) trial and disposition of civil cases upon consent of the litigants; and 5) conduct of settlement conferences.

Comments from members of the bar and the public are invited as to whether the incumbent magistrate judge should be recommended by the panel for reappointment by the court and should be submitted in writing no later than **July 18, 2008** to: **Richard W. Wieking, Clerk of the Court, United States District Court, 450 Golden Gate Avenue, P.O. Box 36060, San Francisco, CA 94102.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## MARIA-ELENA JAMES

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

Defendant(s).

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated:_____            Signature_____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

CV 08  2930 

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**

Almost all questions can be answered in our **FAQ**s at **http://ecf.cand.uscourts.gov,** please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
**www.cand.uscourts.gov**

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.    The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.    The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.    Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page.** Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.    After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.    If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:  (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.    A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.    Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.



United States District Court

Northern District of California

# Consenting To A

# Magistrate Judge's

# Jurisdiction

# In The Northern District

# Of California

**United States District Court**

450 Golden Gate Avenue   San Francisco   California   94102

Phone: 415-522-2000

Fax: 415-522-3605

Print Date: April 2008

# Table of Contents

A Message from the Chief Judge of the
U.S. District Court ............................................. 4

How Consent Jurisdiction Works .......................... 6

Potential Benefits of Consenting To Magistrate Judge
Jurisdiction ....................................................... 7

Magistrate Judge Brazil ........................................ 9

Magistrate Judge Chen ......................................... 10

Magistrate Judge James ....................................... 11

Magistrate Judge Laporte ..................................... 12

Magistrate Judge Larson ...................................... 13

Magistrate Judge Lloyd ........................................ 14

Magistrate Judge Seeborg ..................................... 15

Magistrate Judge Spero ........................................ 16

Magistrate Judge Trumbull .................................... 17

Magistrate Judge Vadas ....................................... 18

Magistrate Judge Zimmerman ................................ 19

# A Message from the Chief Judge
## of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

Most have completed at least one term as a magistrate judge and have been reappointed based on detailed, confidential feedback from the bar establishing satisfaction with their work—including their work on dispositive motions and trials. Combined, the Northern District's magistrate judges bring a total of 125 years of federal judicial experience to their work at our court. Each is equipped to handle the full range of issues presented to our court.

Vaughn R Walker

Chief Judge

4

5

## HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to either a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction. When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction. The parties should expect the district judge to ask at the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials. Each magistrate judge has at least one law clerk. Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

## POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge. Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to preside over all types of civil litigation. The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial. The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved. Unlike district judges, magistrate judges do not preside over felony criminal matters.

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1)  Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1). See also F.R.Civ.P. 73(b).

2)  District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life. Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3)  If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

## WAYNE D. BRAZIL



**M**agistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

## EDWARD M. CHEN



**M**agistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then clerked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review, Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

10

## MARIA-ELENA JAMES



**M**agistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris, Nanterre and the Assemblee Nationale.

11

## JAMES LARSON

**M**agistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

13

## ELIZABETH D. LAPORTE



**M**agistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

12

## HOWARD R. LLOYD



**M**agistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience. He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School. He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals. He practiced in all areas, but especially employment, intellectual property, and commercial law. He then worked for 2 years as an independent and full time arbitrator and mediator. While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

14

## RICHARD SEEBORG



**M**agistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of Federal Pretrial Civil Procedure in California, a four-volume treatise published by Lexis Nexis.

15

## PATRICIA V. TRUMBULL



**M**agistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree, at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

17

## JOSEPH C. SPERO

**M**agistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

16

## NANDOR J. VADAS



**M**agistrate Judge Nandor J. Vadas, a part-time magistrate judge in Eureka, California was appointed in 2004. Although he maintains his chambers in Eureka, he frequently sits in San Francisco. As a magistrate judge he has presided over issues involving civil rights, employment discrimination, Indian law, Endangered Species Act violations, as well as criminal and civil settlement conferences.

Judge Vadas received his undergraduate degree at the University of California at Santa Cruz in 1974 and his law degree from the University of California, Hastings College of the Law in 1978. Following law school he was a state and federal prosecutor for twenty-one years, where he gained criminal jury trial and appellate experience. He also spent five years in family law and juvenile dependency. He also has experience as an instructor at the College of the Redwoods Police Academy.

He is a member of the Magistrate Judges' Advisory Committee to the Federal Judicial Conferences.

18

## BERNARD ZIMMERMAN



**M**agistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

19

1

**PROOF OF SERVICE BY MAIL**

2          I am a citizen of the United States and employed in San Francisco County, California. I

3   am over the age of eighteen years and not a party to the within-entitled action. My business

4   address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. I am

5   readily familiar with this firm's practice for collection and processing of correspondence for

6   mailing with the United States Postal Service. On June 13, 2008, I placed with this firm at the

7   above address for deposit with the United States Postal Service a true and correct copy of the

8   within document(s):

9                **NOTICE TO ADVERSE PARTY OF REMOVAL TO**
                          **FEDERAL COURT**
10
    in a sealed envelope, postage fully paid, addressed as follows:
11

12       Robert C. Hubbs, Esq.                *Attorneys for Plaintiff*
         E. Denise Schissler, Esq.           *Whitney Beck*
13       KNEISLER, SCHONDEL & HUBBS
         538 Mendocino Avenue
14       P.O. Box 5767
         Santa Rosa, CA  95402-5767
15
           Following ordinary business practices, the envelope was sealed and placed for collection
16
    and mailing on this date, and would, in the ordinary course of business, be deposited with the
17
    United States Postal Service on this date.
18
           I declare under penalty of perjury under the laws of the State of California that the above
19
    is true and correct.
20
           Executed on June 13, 2008, at San Francisco, California.
21

22

23                                                     _____
                                                              Sheila M. Merrill
24
    18177-0198/LEGAL14375968.1
25

26

27

28

    PROOF OF SERVICE