1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WHITNEY BECK,                                    No. C-08-2930 MMC

        Plaintiffs,                          **ORDER REMANDING ACTION**

  v.

STARBUCKS CORPORATION, et al.,

        Defendants
_____/

     Before the Court is defendant Starbuck Corporation's ("Starbucks") Notice of Removal, filed June 12, 2008,[1] by which Starbucks removed from state court plaintiff Whitney Beck's complaint on the asserted ground of diversity of citizenship.

     In its Notice, Starbucks alleges sufficient facts to support a finding that Starbucks is a citizen of Washington, that plaintiff is a citizen of California, and that plaintiff is seeking damages in excess of $75,000. Although Starbucks acknowledges that a second defendant, Christina Carroll ("Carroll"), is a California citizen, Starbucks asserts that Carroll's citizenship can be disregarded, for the reason she is a "sham" defendant, (see Notice of Removal ¶ 9), i.e., she was fraudulently joined as a defendant.

     "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of diversity, [i]f the plaintiff fails to state a cause of action against [the non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1067 (9th

---

[1]The matter was reassigned to the undersigned on September 12, 2008.

1    Cir. 2001) (internal quotation and citation omitted).

2         The sole claim alleged by plaintiff against Carroll, who is alleged to be a "store

3    manager" of a Starbucks located in Santa Rosa, California, (see Compl. ¶¶ 4-5), is a claim

4    of retaliation under § 12940(h) of the California Government Code.  According to

5    Starbucks, plaintiff's joinder of Carroll is fraudulent in light of Jones v. Lodge at Torrey

6    Pines Partnership, 42 Cal. 4th 1158 (2008).  In Jones, an opinion issued several months

7    after plaintiff filed her complaint in state court, the California Supreme Court, in a 4-3

8    decision, held that "nonemployer individuals" may not be held liable for retaliation under

9    § 12940(h).  See id. at 1173.

10        Where a defendant removes an action on the basis of diversity jurisdiction, a district

11   court has "subject matter jurisdiction" over the matter only if diversity exists "both when the

12   state [complaint] is filed and when the petition for removal is filed."  See Ryan v. Schneider

13   Nat'l Carriers, 263 F. 3d 816, 819 (8th Cir. 2001); see also Koenigsberger v. Richmond

14   Silver Mining Co., 158 U.S. 41, 49-50 (1895) (holding where federal court "takes jurisdiction

15   of a suit already pending [in state court] the requisite citizenship must have existed at the

16   time of its commencement"; referring to such requirement as one of "jurisdiction").  An

17   exception to this rule exists where, although diversity did not exist when the complaint was

18   filed, the plaintiff, by amending the complaint or otherwise, voluntarily dismisses the non-

19   diverse party or parties.  See Self v. General Motors Corp., 588 F. 2d 655, 659 (9th Cir.

20   1978).  As the Ninth Circuit has explained, under the "'voluntary-involuntary' rule," a

21   complaint not removable when filed must "remain in state court unless a 'voluntary' act of

22   the plaintiff brings about a change that renders the case removable."  See id. at 657.  Thus,

23   where a state court dismisses a non-diverse defendant "without [the plaintiff's] assent," the

24   complaint is not removable on diversity grounds.  See id. at 658; see, e.g., Whitcomb v.

25   Smithson, 175 U.S. 635, 637-38 (1900) (holding where state court directed verdict in favor

26   of non-diverse defendant, remaining diverse defendant could not thereafter remove case

27   on ground of diversity jurisdiction).

28        Here, at the time the complaint was filed in December 2007, there was no settled

                                              2

California rule precluding a finding of personal liability against an individual for retaliation under § 12940(h).  Indeed, a number of California courts had expressly held that such a claim was viable.  See Jones, 42 Cal. 4th at 1162 (citing, in opinion dated March 3, 2008, prior California Court of Appeal opinions so holding).  Under such circumstances, it cannot be said that, at the time the initial complaint was filed in state court, plaintiff's naming Carroll as a defendant constituted a fraudulent joinder.  Consequently, the parties were not diverse at the time the initial complaint was filed, because both plaintiff and Carroll are citizens of California.  Further, Starbucks cannot establish that diversity was subsequently accomplished as a result of a voluntary act on the part of plaintiff; rather, under Starbucks' theory, the parties became diverse as a result of the California Supreme Court's decision in Jones, which decision cannot in any respect be considered a voluntary act on the part of plaintiff.[2]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  See 28 U.S.C. § 1447(c).  Here, for the reasons discussed above, the parties were not diverse at the time the complaint was filed, and the parties did not subsequently become diverse as a result of a voluntary act on the part of plaintiff.  Consequently, the Court lacks diversity jurisdiction over the instant action. See Koenigsberger, 158 U.S. at 49-50; 95); Ryan, 263 F. 3d at 819.

Accordingly, the instant action is hereby REMANDED, for lack of subject matter jurisdiction, to the Superior Court of California, in and for the County of Sonoma.

**IT IS SO ORDERED.**

Dated:  September 19, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2]After Jones was issued, counsel for Starbucks inquired of plaintiff if she would dismiss Carroll to avoid Carroll's having to file a demurrer in light of Jones, and plaintiff responded she was willing to dismiss Carroll and requested Starbucks prepare a stipulation of dismissal for plaintiff's review.  (See Notice of Removal Ex. C.)  The record does not disclose whether Starbucks prepared such proposed stipulation, but, in any event, plaintiff did not subsequently dismiss Carroll.